UNITED STATES of America, Appellee,

v.

Eugene Lamar SUTTON, Appellant.

No. 94–2597.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1994.

Decided Dec. 7, 1994.

David L. Lillehaug, U.S. Atty., Minneapolis, MN, argued (Jon M. Hopeman, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, McKAY,* Senior Circuit Judge, and BOWMAN, Circuit Judge.

McKAY, Circuit Judge.

Eugene Lamar Sutton appeals from a final judgment entered in the United States District Court for the District of Minnesota finding him guilty upon a jury verdict of bank robbery, use of a firearm in the course of a violent crime, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 2113(a)(d), 18 U.S.C. § 924(c)(1) and (2), and 18 U.S.C. § 922(g)(1), respectively. Mr. Sutton presents three issues on appeal: (1) he challenges the admission of certain evidence; (2) he challenges the exclusion of certain evidence; and (3) he challenges the sufficiency of the evidence as a whole. We affirm the judgment of the district court.

Mr. Sutton contends that the district court improperly admitted evidence of his prior narcotic use under Fed.R.Evid. 404(b). In support of this claim, he has demonstrated that he was provided notice of this evidence only two days before trial, despite the fact that the district court explicitly ordered the government to notify the defendant at least four days prior to trial of any 404(b) evidence it planned to use. The district court excused this breach for two reasons. First, the government discovered the evidence only five days prior to trial, on a Friday, and they notified the defendant on the following Monday. Second, the government had provided the defendant with a copy of the statement of another one of its witnesses over a month before the trial. This statement related to a drug buy the day of the robbery. Thus, the defendant was on notice that his involvement with drugs would be an issue at the trial and had adequate time to prepare for this type of evidence. The district court did not abuse its discretion in excusing the government's late

Glenn P. Bruder, Minneapolis, MN, argued, for appellant.

* The HONORABLE MONROE G. McKAY, Senior Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation.

notification of Mr. Sutton under these circumstances.

■ Mr. Sutton also argues, persuasively, that the evidence of his drug use does not meet our test for admissibility under Rule 404(b).

In order for the trial court to admit evidence under Rule 404(b), the evidence must satisfy the following conditions:

1. The evidence of the bad act or other crime is relevant to a material issue raised at trial;

2. The bad act or crime is similar in kind and reasonably close in time to the crime charged;

3. There is sufficient evidence to support a finding by the jury that the defendant committed the other act or crime; and

4. The potential prejudice of the evidence does not substantially outweigh its probative value.

*United States v. DeAngelo*, 13 F.3d 1228, 1231 (8th Cir.) (*citing United States v. Johnson*, 934 F.2d 936, 939 (8th Cir.1991)), *cert. denied*, — U.S. —, 114 S.Ct. 2717, 129 L.Ed.2d 842 (1994).

Mr. Sutton contends that his prior drug use does not meet either the first or last part of this test. We agree, but find the error to be harmless.

The first part of our test under Rule 404(b) allows evidence of prior bad acts where it is used for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The government argues that the evidence of Mr. Sutton's drug use showed a motive for the bank robbery. In other words, the government was attempting to show that he stole the money to support his drug habit. Although other circuits have allowed evidence of drug use to demonstrate motive to commit a bank robbery (*see, e.g., United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir.) (citing cases), *cert. denied*, —

U.S. —, 113 S.Ct. 2393, 124 L.Ed.2d 295 (1993)), we have never decided this precise issue.

This court has allowed evidence of *other* prior bad acts to show motive in a robbery case. *United States v. Mays*, 822 F.2d 793, 797 (8th Cir.1987). However, that case is readily distinguishable from the present case. First, in *Mays* we held that motive was a material issue in that case, although we did not explain why. Furthermore, the facts that were admitted as evidence of motive were also clearly relevant to the issue of identity, which is indisputably a material issue in a robbery case.[1] *Id.* at 797. Another distinction between this case and *Mays* is that in *Mays* the evidence of motive ("to secure enough funds to start a new life together") was offered as direct testimony by a co-conspirator. In this case, motive was not a material issue; the defendant did not put his motive in issue; there was no testimony by his co-conspirators about his motive; and the facts which the government used to show motive were not also relevant to identity. The government simply asked the jury to draw a raw inference about the defendant's motive from the fact that he used drugs. We decline to approve such a tenuous link.

■ Even if motive were a material issue in this robbery case and drug use were probative of it, the evidence would still fail the fourth part of our test, which is derived from the general requirement of Rule 403 that the prejudicial impact of the evidence should not substantially outweigh its probative value. The admission of evidence of prior wrongful acts creates a danger that the jury will convict the accused on the basis of bad character; thus, it is normally excluded under Rule 404. We cannot say that the slight probative value of knowing one possible motive for Mr. Sutton to commit a robbery outweighs the likely prejudicial effect on the jury of being told that the defendant was a crack-cocaine user.[2] In any event, it could hardly come as

---

1. The evidence related to a previous bank robbery committed by defendant that was "similar enough to establish some identity between the robberies. Both banks were located in an isolated rural area; before both robberies a four-wheel drive vehicle was stolen and later abandoned;

and in both robberies a .45 caliber automatic pistol was used." *Id.*

2. There is a substantial split among the cases about whether this type of evidence should be admissible. *See generally*, Debra T. Landes, An-

a surprise to the jury that Mr. Sutton was robbing a bank because he needed money for *some* reason.[3]

■ Although we believe that the admission of Mr. Sutton's prior drug use was erroneous, we nevertheless find the error to be harmless, because when viewed in the context of all the evidence presented at Mr. Sutton's trial, any possible prejudice that Mr. Sutton suffered was *de minimis*. For example, in Mr. Sutton's opening statement, his counsel referred to his association with drug dealers and how he broke into a cocaine dealer's home and stole $10,000. (Tr.[4] 35–36) This information was a crucial part of Mr. Sutton's defense, as it provided an alternative explanation for how Mr. Sutton came to have large amounts of cash just after the time of the bank robbery. However, these statements also gave the government the prerogative to explore on cross-examination the basis for his knowledge that there would be large amounts of cash in the drug dealer's house and the nature of his relationship with the drug dealer. Furthermore, testimony was presented that Mr. Sutton purchased large amounts of cocaine the day of the robbery. This evidence was properly admitted because it tended to establish a recent acquisition of wealth. We think Mr. Sutton's bad character was so thoroughly established by admissible evidence (including his own) that there is no likelihood that this additional bad character evidence would have influenced the outcome in this case.

■ Mr. Sutton also contends that the district court improperly precluded him from presenting a witness who would have testified to inconsistent statements made by one of the key prosecution witnesses, Mr. Smith. This testimony was not allowed because Mr. Smith was not given the opportunity to explain or deny having made a prior inconsis-

tent statement while he was on the stand, which is normally the proper foundation for impeachment under Fed.R.Evid. 613(b). Mr. Sutton points out that the First Circuit has relaxed this requirement, requiring only that a witness be available to be recalled to explain inconsistent statements. *United States v. Barrett*, 539 F.2d 244, 254–56 (1st Cir. 1976); *United States v. Hudson*, 970 F.2d 948, 955 (1st Cir.1992). However, this procedure is not mandatory, but is optional at the trial judge's discretion. *Id.* at 956 & n. 2. More to the point, since this circuit has never adopted the rule in *Barrett*, we cannot say that the district court abused its discretion in not applying it.

■ Mr. Sutton has also challenged the sufficiency of the evidence. Accordingly, we must examine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Fetlow*, 21 F.3d 243, 247 (8th Cir.), *cert. denied sub nom., Ferguson v. United States*, — U.S. ——, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994). In examining such a claim, we view the evidence in the light most favorable to the government and resolve all evidentiary conflicts in favor of the government. *United States v. Nelson*, 984 F.2d 894, 899 (8th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993).

The evidence, viewed in the light most favorable to the prosecution, indicates that a man matching the description of Mr. Sutton robbed the Chisago City Bank. (Tr. 46). There were photographs taken by bank surveillance cameras which the jury viewed and compared to Mr. Sutton. There was also testimony that his Aunt and a police officer who knew him well identified him as the man in the photos. (Tr. 145, 158).

Further testimony demonstrated that Mr. Sutton had in his possession large quantities

---

notation, *Admissibility of Evidence of Accused's Drug Addiction or Use to Show Motive for Theft of Property Other Than Drugs*, 2 A.L.R. 4th 1298 (1980). We think the better-reasoned cases exclude such evidence. *See State v. LeFever*, 102 Wash.2d 777, 690 P.2d 574 (1984) (Evidence of defendant's addiction to heroin, offered by prosecution to show motive for robbery, is inadmissible in that resulting prejudice overwhelmed any possible relevance or probativeness.); *People v. Holt*, 37 Cal.3d 436, 208 Cal.Rptr. 547, 554, 690 P.2d 1207, 1214 (1984) (Whatever probative val-

ue defendant's drug use might have had to show motive for robbery was outweighed by prejudicial value.).

3. This brings to mind the story of a more famous bank robber with the same surname. When asked why he robbed banks, Willie Sutton replied, "That's where the money is."

4. Trial Transcript.

of cash later on the same day of the robbery. He used this money to purchase a car for $2500 in cash (Tr. 42) and $2400 worth of cocaine. (Tr. 261, 263, 265). Mr. Sutton provided conflicting and unsubstantiated claims for the origins of the money (Tr. 351, 378–79), but it is undisputed that he did not earn the money through legal gainful employment.

Furthermore, two admitted accomplices of Mr. Sutton implicated him in the crime and provided sufficient detail that the jury might rationally have found them credible. Although the accomplices had made plea bargains, the jury was properly instructed by the trial judge on this point. The inconsistencies in the accomplices' and eyewitnesses' testimony are minor and are easily explained by the rapidity and stress of the events. The bank tellers' inability to pick Mr. Sutton's photo out of a lineup may also be explained by the speed and stress of the event, plus the fact that the robber was wearing a hat and sunglasses. This weakness in the evidence was overcome by the independent identification by Mr. Sutton's aunt and the police officer.

After carefully reviewing the evidence presented in the light most favorable to the government, we conclude that there was sufficient evidence to support the jury's verdict.

Accordingly, the judgment of the district court is affirmed.