60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Michael Wade ALFORD, Appellant.
 No. 95-1627.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 23, 1995.
Filed: July 13, 1995.
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Wade Alford appeals his conviction for one count of aiding and abetting in the sale of stolen firearms, in violation of 18 U.S.C. Secs. 2 and 922(j), following a jury trial in the district court.[1] For the reasons set forth below, we affirm.
 
 
 2
 On October 20, 1993, Alford assisted in the sale of a 12-gauge shotgun and a 22-caliber rifle in Arkansas. The firearms had been stolen earlier the same day from an Arkansas home. At Alford's trial, an "Interstate Nexus expert" testified the firearms had been manufactured in the state of New York and had traveled in interstate commerce to Arkansas; no evidence was produced to show the firearms traveled in interstate commerce as stolen firearms.
 
 
 3
 Alford contends that the applicable version of section 922(j) punished the sale of stolen firearms only if they were stolen at the time of their interstate transportation. He argues that the government failed to prove this element of the offense. We review de novo the legal interpretation of a federal statute. United States v. Brummels, 15 F.3d 769, 771 (8th Cir. 1994).
 
 
 4
 Before 1990, section 922(j) required a showing that a firearm was stolen at the time of its interstate transportation. See United States v. Ruffin, 490 F.2d 557, 560-63 (8th Cir. 1974). Section 922(j) then provided:
 
 
 5
 It shall be unlawful for any person to receive, ... sell, or dispose of any stolen firearm ... which is moving as, which is part of, or which constitutes interstate or foreign commerce, knowing or having reasonable cause to believe that the firearm ... was stolen.
 
 
 6
 18 U.S.C. Sec. 922(j) (1968). At the time of Alford's conduct, however, Congress had amended the statute to read:
 
 
 7
 It shall be unlawful for any person to receive, ... sell, or dispose of any stolen firearm ... which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, knowing or having reasonable cause to believe that the firearm ... was stolen.
 
 
 8
 18 U.S.C. Sec. 922(j) (1990) (emphasis added).
 
 
 9
 We agree with the Sixth Circuit that the legislative history indicates Congress intended section 922(j), as amended, to apply to firearms that have traveled in interstate commerce, either before or after being stolen. See United States v. Honaker, 5 F.3d 160, 162 (6th Cir. 1993) (citing legislative history), cert. denied, 114 S. Ct. 1226 (1994); but see United States v. Cruz, 50 F.3d 714, 717 (9th Cir. 1995). We conclude the government produced sufficient evidence to show the firearms here traveled in interstate commerce before they were stolen.
 
 
 10
 We reject as meritless Alford's claim that the district court erred by admitting evidence of his sale of other stolen property to an undercover Arkansas State Police officer. Because the evidence was relevant to show Alford's intent, the district court did not abuse its broad discretion under Rule 404(b) in admitting it. See Fed. R. Evid. 404(b) (evidence of other crimes, wrongs, or acts may be admissible to show proof of intent or knowledge); United States v. Sutton, 41 F.3d 1257, 1259 (8th Cir. 1994) (listing factors to consider regarding admission of Rule 404(b) evidence), cert. denied, 115 S. Ct. 1712 (1995).
 
 
 11
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas