**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Aaron SHELTON, Defendant–Appellant.**

**No. 95–1752.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1995.

Decided Oct. 5, 1995.

Rehearing Denied Nov. 21, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied Nov. 28, 1995.

Brian Witherspoon, Assistant Federal Public Defender, argued, for appellant.

Thomas Joseph Mehan, Assistant United States Attorney, argued, for appellee.

Before HANSEN, BRIGHT, and MURPHY, Circuit Judges.

PER CURIAM.

■ Aaron Shelton pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[1] On appeal, Shelton argues for the first time that his conviction is unconstitutional because Congress does not have power under the Commerce Clause to regulate the mere possession of a firearm, citing *United States v. Lopez*, —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (holding unconstitutional 18 U.S.C. § 922(q) as beyond Congress's Commerce Clause power). Although Shelton stipulated that the firearms in his possession had at one time moved in interstate commerce, he contends that his conviction is unconstitutional because he never personally transported the firearms in interstate commerce. Thus, he argues that his possession of them did not substantially affect interstate commerce.

We reject this argument. We have recently held and find it appropriate to reiterate that "[s]ection 922(g) ... clearly is tied to interstate commerce." *United States v. Rankin*, 64 F.3d 338, 339 (8th Cir.1995). Unlike section 922(q), section 922(g) contains an interstate commerce element—that the firearms in question must have been shipped, transported, or possessed "in or affecting" interstate commerce—which in turn "ensure[s], through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Lopez*, —— U.S. at ——, 115 S.Ct. at 1631.

■ Congress, in enacting the predecessor to section 922(g), intended to assert its full Commerce Clause power. *See Scarborough v. United States*, 431 U.S. 563, 571, 97 S.Ct. 1963, 1967, 52 L.Ed.2d 582 (1977) (construing 18 U.S.C. § 1202(a), the predecessor to § 922(g)). As the Supreme Court has observed: "Congress is aware of the distinction between legislation limited to activities 'in commerce' and an assertion of its full Commerce Clause power so as to cover all activity substantially affecting interstate commerce." *Id.* Through section 922(g), Congress sought to prohibit "both possessions in commerce and those affecting commerce." *Id.* at 572, 97 S.Ct. at 1968 (construing 18 U.S.C. § 1202(a)).

■ To satisfy the interstate commerce element of section 922(g), it is sufficient that there exists "the minimal nexus that the firearm[s] have been, at some time, in interstate commerce." *Id.* at 575, 97 S.Ct. at 1969. The indictment to which Shelton pleaded guilty charged that he was a convicted felon and that he "did knowingly possess" four firearms, "all having been previously transported in interstate commerce." (R. at 2.) Because Shelton admits that these particular firearms at some point travelled in interstate commerce and, as Shelton pointed out in argument, firearms are no longer manufactured in Missouri, it is evident that his possession of these firearms was dependent upon interstate commerce. Had these firearms not travelled in interstate commerce,

---

1. Title 18, U.S.C. § 922(g), provides that it is unlawful for a person who has been convicted of a felony "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

they would never have come into Shelton's possession in Missouri.

Finding no error of law, we accordingly affirm the judgment of the district court.[2]

---

2. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.