_____

No. 95-3081
_____

United States of America,      *
                               *
        Appellee,              *
                               *   Appeal from the United States
    v.                         *   District Court for the
                               *   District of Nebraska.
Eric V. Miller,                *
                               *        [TO BE PUBLISHED]
        Appellant.             *

_____

Submitted:  December 20, 1995

Filed:  January 19, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Eric V. Miller challenges his conviction under 18 U.S.C.A. § 922(u) (West Supp. 1995) for stealing firearms previously transported in interstate commerce, entered upon his conditional guilty plea. For reversal, Miller asserts that the district court[1] erred in rejecting his argument that section 922(u) violates the Tenth Amendment to the United States Constitution. Miller relies on United States v. Lopez, 115 S. Ct. 1624 (1995) (concluding that Congress exceeded its Commerce Clause authority in enacting Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q)). Miller also maintains that section 922(u) is inconsistent with its legislative history. We affirm.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

Section 922(u) provides:

> It shall be unlawful for a person to steal or unlawfully take or carry away from the person or the premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce.

Reviewing the constitutionality of section 922(u) de novo, <u>see</u> <u>United States v. McMurray</u>, 34 F.3d 1405, 1413 (8th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1164 (1995), we agree with the district court that Miller's <u>Lopez</u> challenge fails. In <u>United States v. Shelton</u>, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam), we upheld 18 U.S.C. § 922(g) against a <u>Lopez</u> challenge. We held that, because the language of section 922(g) contained an interstate-element requirement, the statute ensured through case-by-case inquiry that the firearm in question affected interstate commerce. <u>Id.</u>; <u>see also</u> <u>United States v. Rankin</u>, 64 F.3d 338, 339 (8th Cir. (per curiam) (holding § 922(g)(1) clearly tied to interstate commerce), <u>cert denied</u>, 64 U.S.L.W. 3397 (U.S. Dec. 4, 1995) (No. 95-6563). Like section 922(g), the plain language of section 922(u) contains an interstate-commerce nexus as an essential element of the offense and thus ensures that the firearm in question affects interstate commerce. In view of the plain language of section 922(u), we agree with the district court that it is not necessary to refer to legislative history. <u>See</u> <u>Hunger v. AB; CD; EF; GH</u>, 12 F.3d 118, 121 (8th Cir.), <u>cert. denied</u>, 114 S. Ct. 2676 (1994).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.