_____

No. 95-3653
_____

United States of America,          *
                                   *
            Appellee,              *
                                   *   Appeal from the United States
      v.                           *   District Court for the
                                   *   Eastern District of Missouri.
Charles E. Dotson,                 *        [UNPUBLISHED]
                                   *
            Appellant.             *


_____

                 Submitted:  April 10, 1996

                    Filed:  April 23, 1996
                 _____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
                 _____

PER CURIAM.


     Charles E. Dotson appeals from the final judgment entered in the
district court,[1] upon a jury verdict, finding him guilty of being a felon
in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  For
reversal, Dotson argues that the district court erred by admitting evidence
of his subsequent conviction for unlawful use of a weapon; by sentencing
him under the aggravated-assault Guideline; and by denying his motion to
dismiss the indictment, in which he raised a constitutional challenge to
section 922(g), based on United States v. Lopez, 115 S. Ct. 1624 (1995).
We affirm.


     At trial, Germaine Robinson testified that, on the evening of


_____

    [1]The Honorable Carol E. Jackson, United States District Judge
for the Eastern District of Missouri.

September 26, 1991, Dotson pointed a firearm at him while he and Dotson were arguing.  St. Louis City police officer Daniel Earley testified that, when he arrived at the scene, Robinson flagged him down and gave him a description of Dotson's clothing.  While pursuing Dotson, Earley saw Dotson throw down a firearm.  After arresting Dotson, Earley retrieved the firearm:  a loaded .22 caliber Derringer.  A firearms expert testified that the Derringer had been manufactured in Germany and had traveled in interstate commerce prior to arriving in Missouri.  The parties stipulated as to Dotson's four prior convictions.

Before the next government witness testified, the court denied Dotson's previously-filed motion in limine to exclude any evidence regarding his March 24, 1992 arrest (and subsequent conviction) for unlawful use of a weapon, because the element of knowledge had not been taken out of the case.  The government then called St. Louis City Detective John Stewart to testify.  Without objection, Stewart testified that on March 24, 1992, he arrested Dotson on the charge of unlawful use of a weapon, and that in November 1992, Dotson pleaded guilty to the charge in Missouri state court.

Dotson's defense was that he had not possessed the firearm, although he was present when it was found.  The jury nevertheless found Dotson guilty.  At sentencing, the court overruled Dotson's objection to the recommended determination of his base offense level under the aggravated-assault Guideline,[2] and sentenced Dotson to 57 months imprisonment and two years supervised release.

As Dotson did not contemporaneously object to the government's presentation of evidence regarding his subsequent arrest and conviction for unlawful use of a weapon, we review for plain error.

---

[2]The aggravated-assault Guideline, U.S.S.G. § 2A2.2, was applied through a cross-reference provision of the Guidelines applicable to section 922(g), U.S.S.G. § 2K2.1(c).

See United States v. Ojeda, 23 F.3d 1473, 1477 (8th Cir. 1994) (standard of review); Fed. R. Evid. 103(a)(1) (timely objection on record required for finding of error). Evidence of other crimes is admissible under Federal Rule of Evidence 404(b) if it is (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) more probative than prejudicial, based on Federal Rule of Evidence 403; and (4) similar in kind and close in time to the crime charged. United States v. Sutton, 41 F.3d 1257, 1259 (8th Cir. 1994), cert. denied, 115 S. Ct. 1712 (1995). These requirements were satisfied. Thus, we conclude the district court did not err--much less plainly err--by admitting the evidence. See United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995) (Rule 404(b) evidence admissible when defendant places state of mind in issue, even if done by means of general-denial defense); United States v. Mihm, 13 F.3d 1200, 1205 (8th Cir. 1994) (Rule 404(b) evidence admissible where knowledge and intent are at issue and "mere-presence" defense is asserted); United States v. Sykes, 977 F.2d 1242, 1246 (8th Cir. 1992) (Rule 404(b) evidence of other crime properly admitted and more probative than prejudicial where crime was virtually identical to charged offense and occurred only eight months later, and court provided limiting instruction to jury); United States v. Marin-Cifuentes, 866 F.2d 988, 996 (8th Cir. 1989) (Rule 404(b) evidence proper where knowledge was material issue because it was essential element of crime, and defense was general denial).

We also see no error in the application of the aggravated-assault Guideline. Aggravated assault is defined as a "felonious assault that involved . . . a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten)." U.S.S.G. § 2A2.2, comment. (n.1). At sentencing, the district court relied on Robinson's trial testimony that Dotson had pointed a gun at him; the court also relied on the sentencing testimony of an Alcohol, Tobacco and Firearms agent and an investigator as to Robinson's statements that Dotson had used threatening language during the

-3-

incident and that Robinson had felt threatened. In making its sentencing determination, a district court may rely on trial testimony, see United States v. Lowrimore, 923 F.2d 590, 594 (8th Cir.), cert. denied, 500 U.S. 919 (1991), and on reliable hearsay evidence, see United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993); United States v. Wise, 976 F.2d 393, 402 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 989 (1993). We conclude the district court did not clearly err in finding that Dotson's offense conduct constituted aggravated assault. See United States v. Garcia, 34 F.3d 6, 10 (1st Cir. 1994) (district court's finding of intent in context of § 2A2.2 is factual finding reviewed for clear error); United States v. Madewell, 917 F.2d 301, 307 (7th Cir. 1990) (holding district court implicitly found defendant had requisite intent to commit aggravated assault where court sentenced defendant under § 2A2.2); cf. United States v. Shinners, 892 F.2d 742, 743 (8th Cir. 1989) (per curiam) (affirming cross-reference to § 2A2.2 where defendant was convicted of violating § 922(g)(1); offense conduct constituted aggravated assault where defendant possessed firearm and threatened to kill store employees who were trying to subdue him).

Finally, we conclude that Dotson's Lopez challenge to section 922(g) is foreclosed by our recent opinion in United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam) (rejecting Lopez challenge to § 922(g)), cert. denied, 1996 WL 97336 (U.S. Apr. 1, 1996) (No. 95-8099); see also United States v. Rankin, 64 F.3d 338, 339 (8th Cir.) (per curiam) (holding § 922(g)(1) clearly tied to interstate commerce), cert. denied, 116 S. Ct. 577 (1995).

The judgment is affirmed.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.