**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Darvin Darnell HARDY, Defendant–**
**Appellant.**

**No. 96–3341.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 24, 1997.*

Decided July 18, 1997.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnec-

Stephen A. Ingraham (submitted on briefs), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Lynn S. Adelman, Adelman, Adelman & Murray, Milwaukee, WI, for Defendant–Appellant.

Before RIPPLE, ROVNER, and EVANS, Circuit Judges.

PER CURIAM.

Defendant Darvin Hardy was indicted in the Eastern District of Wisconsin for stealing three guns from a federally licensed gun dealer in violation of 18 U.S.C. § 922(u). That statute states:

> It shall be unlawful for a person to steal or unlawfully take or carry away from the person or premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce.

Hardy moved to dismiss the indictment, arguing that the statute exceeded Congress' power under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, and that it represented an incursion into an area reserved to the states under the Tenth Amendment. Following the district court's denial of his motion, Hardy pleaded guilty and was sentenced to a term of imprisonment. On appeal, he again raises these issues, relying primarily on the Supreme Court's decision in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), which struck down 18 U.S.C. § 922(q)(1)(A) as an unconstitutional regulation of activity beyond the scope of Congress' power.

 Two circuit courts of appeals have addressed whether the requirement in 18 U.S.C. § 922(u) that the firearm have traveled in interstate commerce makes the statute a legitimate exercise of Congress' power in light of *Lopez,* and both have concluded that it does. *United States v. Snow,* 82 F.3d 935 (10th Cir.1996); *United States v. Miller,* 74 F.3d 159 (8th Cir.1996). We have not, as yet, had an opportunity to address the constitutionality of 18 U.S.C. § 922(u). However, in *United States v. Lewis,* 100 F.3d 49 (7th

essary, and the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f); and the record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

Cir.1996), we found constitutional a statute that is not materially different from § 922(u) with respect to the required nexus to interstate commerce. We noted that the *Lopez* Court had emphasized that the statute at issue in that case lacked "any jurisdictional element which would ensure, through a case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Id.* at 51 (quoting *Lopez*, 514 U.S. at 561, 115 S.Ct. at 1631) (internal quotation marks omitted). We then rejected the defendant's argument that although the government proved the gun he possessed had previously traveled in interstate commerce, *Lopez* required the prosecution to prove any additional effect or connection with interstate commerce. *Id.* at 52. A weapon's having moved across state lines satisfies the jurisdictional element of the Commerce Clause. Section 922(u) requires the government to prove the movement of the weapons in order to obtain a conviction. Hardy neither disputes this nor does he deny that the weapons he possessed traversed state lines. We therefore conclude that 18 U.S.C. § 922(u) represents a valid exercise of Congress' Commerce Clause power.

We also reject Hardy's claim that 18 U.S.C. § 922(u) violates the Tenth Amendment. Where Congress acts pursuant to a valid grant of power, which it has done here, it does not run afoul of the Tenth Amendment merely because it regulates an activity that is also within the states' purview. *United States v. Kenney*, 91 F.3d 884, 891 (7th Cir.1996). The Tenth Amendment is a tautology that reinforces the fact that Congress can only act according to its enumerated powers. *Id.* It has done so here, and as such Hardy's Tenth Amendment argument must fail. The judgment of the district court is

AFFIRMED.