# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3955

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas |
| Jimmy Lee Stuckey, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 10, 2001

Filed: July 6, 2001

_____

Before HANSEN and BYE, Circuit Judges, and MELLOY,[1] District Judge.

_____

BYE, Circuit Judge.

We review for a second time Jimmy Lee Stuckey, Jr.'s conviction for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). In his first appeal, Stuckey argued that the district court erred in giving a supplemental jury instruction which indicated that a felon could not possess a firearm "at any time." We upheld the conviction even though we concluded that the district court should have told

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

the jury to decide whether Stuckey possessed a firearm at a time "reasonably near" the date alleged in the indictment. In doing so, we analyzed Stuckey's argument under the variance doctrine, and declined to consider whether the instruction amounted to a constructive amendment of the indictment. United States v. Stuckey, 220 F.3d 976, 979-83 (8th Cir. 2000). We also remanded for resentencing, because we held that Stuckey's prior military drug convictions, which had been used to increase his sentence, did not qualify as "serious drug offenses" for purposes of the armed career offender enhancement under 18 U.S.C. § 924(e). See id. at 984-86.

In this second appeal, Stuckey does not challenge any issues related to his resentencing hearing. Instead, he again challenges his conviction by (1) arguing for the first time that 18 U.S.C. § 922(g)(1) is unconstitutional, and (2) renewing the jury-instruction challenge he made in his first appeal, claiming we clearly erred by failing to consider whether the supplemental instruction amounted to a constructive amendment of the indictment.

Stuckey's constitutional challenge is foreclosed by several of our past decisions. His renewed challenge to the supplemental jury instruction is barred by the law of the case doctrine. We therefore affirm the judgment of conviction.

## DISCUSSION[2]

### I.     The Constitutionality of 18 U.S.C. § 922(g)(1).

Stuckey argues that the Supreme Court's decisions in United States v. Lopez, 514 U.S. 549 (1995) (involving the Gun-Free School Zones Act, codified at 18 U.S.C. § 922(q)), and United States v. Morrison, 529 U.S. 598 (2000) (involving the Violence

---

[2]The pertinent facts are set forth in the first opinion, see Stuckey, 220 F.3d at 978-79, and will not be repeated here.

Against Women Act, codified in part at 42 U.S.C. § 13981), both of which struck down statutes as unconstitutional exercises of the Commerce Clause, require the court to strike down 18 U.S.C. § 922(g)(1).[3]

Because § 922(g)(1) contains an express jurisdictional element that satisfies the Commerce Clause, a long line of post-Lopez Eighth Circuit decisions have rejected claims that the statute is unconstitutional. See United States v. Holman, 197 F.3d 920, 921 (8th Cir. 1999); United States v. Crawford, 130 F.3d 1321, 1322 n.1 (8th Cir. 1997); United States v. Barry, 98 F.3d 373, 378 (8th Cir. 1996); United States v. Bates, 77 F.3d 1101, 1104 (8th Cir. 1995); United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995); United States v. Rankin, 64 F.3d 338, 339 (8th Cir. 1995); United States v. Mosby, 60 F.3d 454, 456-57 (8th Cir. 1995).

Nothing in Morrison changes our mind about the constitutionality of § 922(g)(1). Cf. United States v. Hoggard, ___ F.3d ___, No. 01-1354 (8th Cir. June 22, 2001) (addressing the constitutionality of 18 U.S.C. § 2251 and noting that neither Lopez or Morrison involved statutes containing an express jurisdictional element). We agree with those circuits that have specifically rejected the notion that Morrison calls into question the constitutionality of § 922(g)(1):

> The jurisdictional element in § 922(g)(1) puts it into a different category of analysis than the laws considered in Lopez and Morrison. Section 922(g)(1) by its language only regulates those weapons affecting interstate commerce by being the subject of interstate trade. It addresses items sent in interstate commerce, and the channels of commerce

---

[3]We choose to address the merits of Stuckey's constitutional challenge only because that is more convenient than deciding whether Stuckey waived the argument by failing to raise it before the district court or in his first appeal, and because the government didn't argue waiver.

themselves--ordering they be kept clear of firearms. Thus, no analysis of the style of <u>Lopez</u> or <u>Morrison</u> is appropriate.

<u>United States v. Dorris</u>, 236 F.3d 582, 586 (10th Cir. 2000); <u>see</u> <u>United States v. Santiago</u>, 238 F.3d 213, 216 (2d Cir. 2001) ("Unlike the statutes at issue in either <u>Lopez</u> or <u>Morrison</u>, § 922(g) includes an express jurisdictional element requiring the government to provide evidence in each prosecution of a sufficient nexus between the charged offense and interstate or foreign commerce."); <u>United States v. Wesela</u>, 223 F.3d 656, 660 (7th Cir.) ("Nothing in either [<u>Lopez</u> or <u>Morrison</u>] casts doubt on the validity of § 922(g), which is a law that specifically requires a link to interstate commerce."), <u>cert. denied</u>, 121 S. Ct. 1145 (2000); <u>see also</u> <u>United States v. Boles</u>, No. 00-1878, 2001 WL 22985, at *1 (4th Cir. Jan. 10, 2001); <u>United States v. Jones</u>, 231 F.3d 508, 514-15 (9th Cir. 2000); <u>United States v. Napier</u>, 233 F.3d 394, 402 (6th Cir. 2000).

## II.    The Renewed Jury Instruction Challenge.

Under the "law of the case" doctrine "a decision in a prior appeal is followed in later proceedings unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest injustice." <u>United States v. Bartsh</u>, 69 F.3d 864, 866 (8th Cir. 1995) (quoting <u>United States v. Callaway</u>, 972 F.2d 904, 905 (8th Cir. 1992)); <u>see also</u> <u>United States v. Washington</u>, 197 F.3d 1214, 1216 (8th Cir. 1999) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (quoting <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983)).

Stuckey contends that our first opinion is clearly erroneous and works a manifest injustice because we failed to consider whether the supplemental instruction amounted to a constructive amendment of the indictment. We previously explained why we didn't consider the constructive amendment issue:

-4-

Stuckey challenge[d] the propriety of the supplemental instruction on appeal, but only in the most perfunctory manner. Stuckey [did] not argue that the supplemental instruction amounted to a constructive amendment of the indictment. Nor [did] he identify the instruction as an infringement of his constitutional rights under the Fifth or Sixth Amendments [and his] opening brief cites no legal authority in its discussion of the supplemental instruction.

Stuckey, 220 F.3d at 982.

An "[appellant's brief] must contain . . . appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies." Fed. R. App. R. 28(a)(9)(A). As a result, we regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities. See United States v. Wadlington, 233 F.3d 1067, 1081(8th Cir. 2000); United States v. Gonzales, 90 F.3d 1363, 1369 (8th Cir. 1996); see also United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

In the first appeal, the only legal authority cited by Stuckey (in his reply brief) referred to the general principle that a supplemental instruction must be "non-prejudicial." United States v. Suppenbach, 1 F.3d 679, 683 (8th Cir. 1993). A variance inquiry involves a prejudice analysis, whereas a constructive amendment inquiry does not. Thus, because we generously viewed Stuckey's perfunctory challenge as raising a claim of prejudice, we felt obligated to undertake a variance analysis rather than decline to address the argument. See Stuckey, 220 F.3d at 982.

Stuckey now turns our generosity against us, essentially arguing that our first opinion is clearly erroneous and works a manifest injustice because we declined to consider an unsupported argument (i.e., constructive amendment). We disagree. Our remand was limited to the issue of excluding Stuckey's military drug convictions for purposes of the armed career offender enhancement. A defendant does not receive a

second chance to support an argument he failed to support in a first appeal simply because he is resentenced.  Cf. United States v. Behler, 187 F.3d 772, 777 (8th Cir. 1999) (declining to consider issues raised in second appeal that were beyond the limited scope of the defendant's resentencing).

Stuckey also argues that we should address his constructive amendment argument *now*, because he will be able to raise the argument *later* in a motion under 28 U.S.C. § 2255.  Stuckey reasons that our prior decision thereby "works a manifest injustice" because of the resulting delay in addressing the merits of his argument.  We disagree.  Any "manifest injustice" resulting from delay stems not from our decision, but from Stuckey's initial failure to support his argument.  Surely, Stuckey has every right to raise a constructive amendment argument in a § 2255 motion.  Stuckey's right to have us review that argument, however, will depend upon his ability to satisfy the procedural strictures placed upon our review of collateral challenges.  See 28 U.S.C. § 2253.

For the reasons stated, we reject Stuckey's constitutional challenge to 18 U.S.C. § 922(g)(1), and hold that his renewed challenge to the supplemental jury instruction is barred by the law of the case doctrine.  We therefore affirm his judgment of conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.