UNITED STATES of America,
Plaintiff,

v.

Joseph Lamarr MINNIFIELD,
Defendant.

Case No. 4:08–cr–006.

United States District Court,
D. North Dakota,
Northwestern Division.

April 25, 2008.

Rick L. Volk, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

Ryan D. Sandberg, Pringle & Herigstad PC, Minot, ND, for Defendant.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT ONE

DANIEL L. HOVLAND, Chief Judge.

Before the Court is the Defendant's Motion to Dismiss Count One filed on February 14, 2008. *See* Docket No. 16. Count One is based on the Defendant's alleged possession of a firearm on November 6, 2007, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The Defendant argues that the enactment of 18 U.S.C. § 922(g)(3) was an unconstitutional application of Congress' authority under the Commerce Clause. *See United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). The Government filed a response to the motion on April 17, 2008. *See* Docket No. 35. For the reasons set forth below, the Defendant's motion is denied.

**I. *LEGAL DISCUSSION***

The Commerce Clause of the United States Constitution grants Congress the exclusive authority "[t]o regulate Commerce with foreign nations, and among the several states, and with the Indian tribes[.]" U.S. CONST. art. 1, § 8, cl. 3. Congress uses this power to regulate a wide array of activities.

In *United States v. Letts*, 264 F.3d 787 (8th Cir.2001), the Eighth Circuit Court of Appeals addressed the defendant's argument that 18 U.S.C. § 922(g)(3) exceeded the reach of the Commerce Clause based upon the United States Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). The Eighth Circuit noted that it had already distinguished *Lopez*, a case involving 18 U.S.C. § 922(q)(1)(A), from cases arising under 18 U.S.C. § 922(g). The Court acknowledged that *Lopez* had delineated three categories of activity that Congress may regulate under its commerce power: (1) the use of channels of

interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities; and, (3) those activities having a substantial relation to interstate commerce. *Letts,* 264 F.3d at 789–790. The Eighth Circuit stated:

> Lopez struck down § 922(q)(1)(A), a regulation that fell in the third category, because the regulated activity did not "substantially affect" interstate commerce, and Congress had, therefore, exceeded its commerce power when it attempted to regulate that activity. However, the "in or affecting" language in § 922(g) makes clear that an individual case may fall into either the second or third category. On the facts of this case, because the components of the ammunition are in interstate commerce, we are dealing with a regulation that falls within the second category.

*Id.* at 790 (citing *United States v. Mosby,* 60 F.3d 454, 456, n. 3 (8th Cir.1995)).

The Eighth Circuit in *Letts* noted that, like the ammunition at issue in *Mosby,* the firearms involved in *Letts* were shipped or transported in interstate commerce. Accordingly, the Eighth Circuit held that *Lopez* had no application and that Congress did not overstep its commerce authority in enacting 18 U.S.C. § 922(g)(3). 264 F.3d at 790.

Judge Ralph Erickson of this district has also ruled, in a case involving a prosecution under 18 U.S.C. § 922(g)(3), that Congress is allowed to regulate the possession of firearms that have been transported at any time in interstate commerce. *See United States v. Grey Water,* 395 F.Supp.2d 850, 858 (D.N.D.2005).

The Eighth Circuit Court of Appeals has consistently upheld the constitutionality of 18 U.S.C. § 922(g). *See United States v. Leathers,* 354 F.3d 955, 959 (8th Cir.2004); *United States v. Stuckey,* 255 F.3d 528,

529–530 (8th Cir.2001); *United States v. Bates,* 77 F.3d 1101, 1104 (8th Cir.1996); *United States v. Shelton,* 66 F.3d 991, 992 (8th Cir.1995); *United States v. Mosby,* 60 F.3d 454, 456, n. 3 (8th Cir.1995). In *Stuckey,* the Eighth Circuit rejected the same argument presented in this case. The court stated that "[b]ecause § 922(g)(1) contains an express jurisdictional element that satisfies the Commerce Clause, a long line of post-*Lopez* Eighth Circuit decisions have rejected claims that the statute is unconstitutional.... Nothing in [*United States v.*] *Morrison* [529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) ] changes our mind about the constitutionality of § 922(g)(1)." *Stuckey,* 255 F.3d at 529–530 (citations omitted).

The defendant, Joseph Minnifield, has failed to present any factual or legal basis to distinguish this particular case from *Stuckey* or any of the other long line of post-*Lopez* Eighth Circuit decisions. It is clear that under the Commerce Clause, Congress is allowed to regulate the possession of firearms that have been transported at any time in interstate commerce. The Court is obligated to uphold the well-established precedent of the Eighth Circuit.

For the reasons set forth above, the Court **DENIES** the Defendant's Motion to Dismiss Count One (Docket No. 16).

**IT IS SO ORDERED.**