# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3960

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| David Tabor, also known as Country, | * | |
| also known as Big Country, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 12, 2009
Filed: May 18, 2010

_____

Before LOKEN,[1] Chief Judge, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

David Tabor was convicted by a jury of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. This court affirmed his conviction and 200-month sentence. United States v. Tabor, 439 F.3d 826 (8th Cir. 2006) (Tabor I). The Supreme Court vacated and remanded for reconsideration in light of the decision in

_____

[1]The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010. He has been succeeded by the Honorable William Jay Riley.

Kimbrough v. United States, 552 U.S. 85 (2007). After reconsideration, this court affirmed Tabor's conviction but reversed and remanded to the district court for resentencing. United States v. Tabor, 531 F.3d 688 (8th Cir. 2008) (Tabor II). On remand, the district court[2] sentenced Tabor to 144 months' imprisonment. He appeals that sentence, arguing that the district court erred in (1) denying him safety-valve relief pursuant to 18 U.S.C. § 3553(f) and USSG § 5C1.2; and (2) refusing to consider evidence of his post-sentencing rehabilitation as part of the court's 18 U.S.C. § 3553(a) analysis. We affirm.

I.

In 1997, Tabor was convicted by a jury of conspiracy to distribute fifty grams or more of a mixture or substance containing cocaine base in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. The Presentence Investigation Report (PSI) concluded that Tabor had a base offense level of 36 and his criminal history category was I, resulting in a range of 188-235 months' imprisonment under the crack cocaine Guidelines. Tabor filed three objections to the PSI: (1) an objection to a typographical error regarding the type of drug; (2) a request that the probation office's determination of the amount of cocaine base for which Tabor is responsible conform to the range the prosecutor submitted; and (3) a correction to two paragraphs regarding his personal history. He also filed a motion for a downward departure based on his family circumstances and also his military and charitable service. The district court denied both of his objections and his motion for downward departure and sentenced Tabor to 200 months' imprisonment.

Tabor appealed, and this court affirmed his conviction and sentence in Tabor I, 439 F.4d at 831. The Supreme Court subsequently granted Tabor's petition for writ of certiorari and vacated and remanded the case to this court for further consideration

---

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

in light of the decision in <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007). <u>Tabor v. United States</u>, 552 U.S. 1136 (2008). On remand, we reinstated Parts I, II, and III of our opinion in <u>Tabor I</u>, which included a discussion of the facts, the sufficiency of the evidence, and the drug quantity determination. However, we remanded to the district court for re-sentencing in order for the district court to determine whether, under <u>Kimbrough</u>, it would impose a lesser sentence based on its previously stated disagreement with the Guidelines' differing treatment of crack and powder cocaine. In particular, we stated:

> [W]e conclude that the district court committed a significant procedural error by finding that it was without the authority to vary downward on the basis of its disagreement with the crack/powder cocaine disparity. Tabor preserved this claim of error by objecting in the court below, and the error was not harmless because we are unconvinced that the district court would have imposed the same sentence if it had understood a variance was permissible. Therefore, remand is appropriate so that the district court may re-sentence the defendant in light of <u>Kimbrough</u> and with the knowledge that a variance is not precluded on the grounds that it disagrees with the crack/powder cocaine ratio.
>
> . . . [I]t is sufficient for us to say that in the course of correcting the procedural error, the district court may also properly consider the impact of the amended Guidelines. <u>See</u> USSG § 1B1.10(a)(1) (Supp. 2008).

<u>Tabor II</u>, 531 F.3d at 692-93.

On remand, the revised PSI calculated Tabor's base offense level at 34 with a criminal history category of I, resulting in an advisory Guidelines range of 151-188 months' imprisonment. Among other things, Tabor objected to the revised PSI's denial of a reduction for acceptance of responsibility and its calculation of drug quantity. The district court denied Tabor's objections. Tabor filed a motion for safety-valve relief, which the district court also denied, along with Tabor's request that his post-sentencing rehabilitation be taken into account in the court's consideration of his character and history. Ultimately, the district court varied

downward from the advisory Guidelines range and sentenced Tabor to 144 months' imprisonment. This appeal followed.

## II.

Tabor appeals his 144-month sentence, arguing that the district court erred by denying him safety-valve relief. See USSG §§ 2D1.1(b)(11) and 5C1.2; 18 U.S.C. § 3553(f). This court reviews "all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." United States v. Pepper, 570 F.3d 958, 962 (8th Cir. 2009) (citations omitted), petition for cert. filed, (U.S. Sept. 29, 2009) (No-09-6822).

Tabor argues that he met the requirements set out in USSG § 5C1.2 for safety-valve relief. Section 5C1.2(a) provides that for a defendant convicted of certain controlled substance offenses, "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence" when the defendant meets certain requirements. "A defendant who meets the safety valve criteria receives a two-level reduction in his Guidelines offense level under [what is now § 2D1.1(b)(11)], even if he does not face a mandatory minimum sentence." United States v. Matias, 465 F.3d 169, 171-72 (5th Cir. 2006). The district court denied Tabor's request for safety-valve relief, concluding that Tabor waived the issue by failing to raise it on direct appeal. In addition, the district court ruled that the issue of safety-valve relief was outside the scope of this court's remand in Tabor II.

The district court did not err in concluding that Tabor waived the issue of his eligibility for safety-valve relief. "[Tabor] did not seek safety-valve relief at his original sentencing and raise that issue in his first appeal. Therefore, under the law-of-the-case doctrine, [he] waived his right to raise the safety-valve issue in a

-4-

second appeal."[3] United States v. Esperance, 165 F. App'x. 814, 819 (11th Cir. 2006); see also United States v. Stuckey, 255 F.3d 528, 530 (8th Cir. 2001) (discussing "law of the case" doctrine). Further, the issue of safety-valve relief did not fall within the scope of this court's mandate to consider Tabor's sentence in light of the Supreme Court's decision in Kimbrough. See Esperance, 165 F. App'x at 819.

Tabor also argues that the district court erred by failing to consider his post-sentencing rehabilitation[4] as part of its 18 U.S.C. § 3553(a) analysis. "However, the law of our circuit is clear. Evidence of a defendant's post-sentence rehabilitation is not relevant and will not be permitted at resentencing because the district court could not have considered that evidence at the time of the original sentencing." Pepper, 570 F.3d at 965 (internal quotation marks and citations omitted). Accordingly, the district court did not err.

## III.

For the foregoing reasons, the judgment of the district court is affirmed.

_____

---

[3]It is important to note that even after the district court reduced Tabor's base offense level on remand, a further two-level reduction for safety-valve relief would not have brought his Guidelines range below the 120-month statutory mandatory minimum for his offense. Accordingly, this is not a case where a new Guidelines range at resentencing gave Tabor an increased incentive to make the argument for safety-valve relief. Our holding is limited to the facts of this case, where Tabor had the same incentive to raise the issue of safety-valve relief at his original sentencing as he did at resentencing. That incentive was a two-level reduction in base offense level and a sentence below the statutory minimum based on the § 3553(a) factors.

[4]The resentencing hearing transcript reveals that Judge Kopf used the phrases "post-offense" and "post-sentencing" rehabilitation interchangeably. However, the transcript also reveals that through his discussion of United States v. Pepper, infra, Judge Kopf understood that this case involves "post-sentencing" rehabilitation.