# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1575
_____

United States of America

*Plaintiff - Appellee*

v.

Courtney Rose Desjarlais

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: September 18, 2023
Filed: October 11, 2023
[Unpublished]

_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Courtney Rose Desjarlais pled guilty to unlawfully possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced her to 96 months in prison. She appeals, challenging the constitutionality

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

of her conviction and the application of three sentencing enhancements. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Desjarlais argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to her because "there is no interstate commerce nexus in this case." This court reviews de novo the constitutionality of a federal statute. *United States v. Betcher*, 534 F.3d 820, 823 (8th Cir. 2008). This court has repeatedly held that 18 U.S.C. § 922(g) "clearly is tied to interstate commerce." *United States v. Shelton*, 66 F.3d 991, 992 (8th Cir. 1995). "Nothing in *Morrison* changes" the statute's constitutionality. *United States v. Stuckey*, 255 F.3d 528, 530 (8th Cir. 2001) (analyzing *United States v. Morrison*, 529 U.S. 598 (2000)). *See United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011) (rejecting an as-applied challenge to § 922(g)(1) and holding that it is sufficient that the government show the firearms were manufactured outside of the state). Desjarlais's argument is foreclosed by binding precedent, and this panel is bound by it. *See Betcher*, 534 F.3d at 823-34 ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

## II.

Desjarlais contends the district court improperly calculated the sentencing guidelines. This court reviews for clear error the factual findings supporting an enhancement. *See United States v. Johnson*, 846 F.3d 1249, 1250 (8th Cir. 2017). Desjarlais received a two-level enhancement for possessing three to seven firearms (U.S.S.G. § 2K2.1(b)(1)(A)), a two-level enhancement for possessing a stolen firearm (U.S.S.G. § 2K2.1(b)(4)(A)), and a four-level enhancement for possessing firearms in connection with another felony (U.S.S.G. § 2K2.1(b)(6)(B)).

A.

The court did not clearly err in finding sufficient evidence for the two-level enhancement for possessing three to seven firearms (U.S.S.G. § 2K2.1(b)(1)(A)). Law enforcement found six firearms in a bag at Aaron Freeman's residence. Freeman testified that Desjarlais gave him the bag containing the firearms. Text messages between them said that Desjarlais wanted her guns back, including "my big one and all the other small ones." Another man testified to removing the bag with the guns from Desjarlais's hotel room and taking them to her before she gave them to Freeman. Desjarlais asserts she had no knowledge that there were firearms in the bag, but the guidelines do not list a knowledge requirement. U.S.S.G. § 2K2.1(b)(1)(A) (the enhancement applies if "the offense involved" 3-7 firearms). *See generally United States v. Weimer*, 2023 WL 3144082, at *2 (8th Cir. Apr. 28, 2023) (unpublished) (holding no clear error in applying the enhancement based on testimony from others that the guns were kept in areas where the defendant stayed); *United States v. Bell*, 2021 WL 6143718, at *1 (8th Cir. Dec. 30, 2021) (unpublished) (holding no clear error in applying the enhancement based on the defendant's statement that he had a firearm he was willing to sell to the informant).

B.

The district court did not clearly err in finding sufficient evidence for the two-level enhancement for possessing stolen firearms (U.S.S.G. § 2K2.1(b)(4)(A)). Special Agent Craig Sandusky testified that in August 2020, Brandee Lakoduk reported the theft of two SCCY 9mm pistols she stored in the trunk of her vehicle. Lakoduk allowed Joseph Brown, a known drug user who goes by JoJo, to use her vehicle, and law enforcement suspected he may have stolen the pistols. Desjarlais's co-defendant (and boyfriend) had JoJo's contact information in his phone. Two of the six firearms found at Freeman's house were the stolen SCCY 9mm pistols.

Desjarlais asserts the government violated her right to confront a witness by admitting Lakoduk's hearsay testimony about the stolen firearms. But hearsay

-3-

evidence is admissible at sentencings. *See United States v. Wise*, 976 F.2d 393, 401-03 (8th Cir. 1992). And nothing precluded Desjarlais from calling Lakoduk to testify. The government provided her with Lakoduk's phone number and discussed obtaining remote testimony. Desjarlais did not subpoena Lakoduk, present evidence from her remotely, or request a continuance so she could testify in person.

Desjarlais also asserts the stolen firearm enhancement does not apply because she did not know the firearms were stolen. But the enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1(b)(4) application note 8(B). *See United States v. Hernandez*, 972 F.2d 885, 888 (8th Cir. 1992) (holding no knowledge requirement).

## C.

The district court did not clearly err in finding sufficient evidence for the four-level enhancement for possessing a firearm in connection with another felony (U.S.S.G. § 2K2.1(b)(6)(B)). Multiple people testified that Desjarlais sold drugs. Freeman testified that when Desjarlais gave him the bag containing the firearms, she also possessed drugs. Desjarlais wants the court to disregard Freeman's testimony as not credible. But this court "should not . . . assess the credibility of witnesses." *United States v. Santana*, 524 F.3d 851, 853 (8th Cir. 2008).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____