John Albert BIBBS, Appellant,

v.

Donald WYRICK, Warden, Appellee.

No. 75–1227.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1975.

Decided Dec. 10, 1975.

Lawrence D. Clinton, III, St. Louis, Mo., for appellant.

Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before CLARK, Associate Justice, Retired,* and LAY and ROSS, Circuit Judges.

PER CURIAM:

John Albert Bibbs appeals from a denial of his habeas corpus application attacking his conviction for assault with intent to kill with malice aforethought. His claims come here after their denial both by the Supreme Court of Missouri in his state post-conviction proceeding under Rule 27.26 V.A.M.R., *State v. Bibbs*, 461 S.W.2d 755 (1970), and by the United States District Court for the Eastern District of Missouri. In a well-drawn opinion reflecting careful consideration of each of the four points Bibbs raises, the district court denied each of them. We, too, have made a detailed study of his claims, find no merit in any of them and, therefore, in light of the opinion of the U. S. District Court, conclude it not necessary to elaborate in detail.

1. Bibbs was known to have a reputation for violence and his trial counsel had requested that two of the "strongest" bailiffs be assigned during his trial to the courtroom in case he became recalcitrant. On the morning of the trial Bibbs had sent a note to Judge MacFarland requesting that his then counsel be removed. However, when the time came to go to the courtroom, Bibbs refused to leave his cell. The sheriff reported this to Judge MacFarland who instructed the sheriff to bring him in, which was done. After a hearing on the motion to discharge Bibb's counsel, the announcement was made denying it. Bibbs immediately rose to his feet announcing in a loud voice that he was not going to trial with his present attorney and then started moving toward the bench and a courtroom exit nearby. He was interrupted by the two bailiffs, handcuffed, and removed from the courtroom. Judge MacFarland then decided to recuse himself and requested a colleague, Judge Gaertner, to try the case. It appears that Judge Gaertner, on being advised of the previous record of violence on the part of Bibbs and on the recommendation of Judge MacFarland, decided to keep Bibbs in handcuffs at the beginning of the trial. No objection was made by Bibbs or his counsel until on the second day, on motion of defense counsel, the handcuffs were removed.

Bibbs says that his handcuffing prejudiced him with the jury. Two of the jurors did testify that they thought that he was handcuffed to protect the jury. However, it is uncontroverted that these views never were expressed at any time during the deliberations of the jury or for that matter during the whole trial. A trial judge has the right to restrain a defendant who is unruly or defiant and upsets the decorum of the courtroom. *Illinois v. Allen*, 397 U.S. 337, 343–344, 90 S.Ct. 1057, 1060–1061, 25 L.Ed.2d 353 (1970). The rule is well stated in *Woodards v. Cardwell*, 430 F.2d 978, 982 (6th Cir. 1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971), where it is stated that "shackles" may be resorted to when necessary "to prevent the escape of the accused, to

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

protect everyone in the courtroom, and to maintain order during the trial." Here we believe that handcuffing was permissible in light of the recalcitrance of Bibbs. This is buttressed by the fact that there was no objection to the handcuffing until the second day when the handcuffs were removed. This deliberate choice by counsel was motivated perhaps by a desire to make sure Bibbs made no disruption that might prejudice him with the jury. Indeed, it might well have had a favorable reaction with the jury rather than an adverse one, in the light of the removal of the handcuffs. No prejudice was shown and, in light of the circumstances, we cannot find that any resulted. *See Gregory v. United States*, 365 F.2d 203, 205 (8th Cir. 1966), *cert. denied,* 385 U.S. 1029, 87 S.Ct. 405, 17 L.Ed.2d 307 (1967).

 2. Nor do we find any lack of effective counsel during the trial. Bibbs says that his mother and sister should have been put on the witness stand. But their testimony at the post-conviction hearing under Rule 27.26 demonstrated that their trial testimony would have been unfavorable to him. The defense counsel's decision was a sound one. As for the introduction of the gun as the instrument of the crime, Bibbs' counsel wished it provisionally admitted since Bibbs' fingerprints were not found upon it. His later objection, which was sustained, was made to preserve a record for appeal. Nor may we determine on the basis of this record that there was constitutional error in the trial court's failure to hold a competency hearing. Bibbs made no challenge to the psychiatric report that he had requested and that was received in evidence. It found Bibbs able to stand trial without any question. His challenge now comes too late. In addition, the record clearly shows that Bibbs fully understood the charges against him, as well as the proceedings, and was fully capable of aiding his own defense. The final point asserts that the United States District Judge was arbitrary and capricious in his denial of the writ of habeas corpus. A reading

of that record, in our view, reveals exactly the opposite.

Affirmed.