# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3872

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Robert A. Holman, also known as | * | |
| Birna Shaw, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 30, 1999
Filed: December 8, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Robert A. Holman appeals his conviction in the district court[1] for being a felon in possession of a firearm transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He contends the district court erred in denying his motions for judgment of acquittal and, citing United States v. Lopez, 514 U.S. 549 (1995), he also argues Congress lacked authority under the Commerce Clause to enact section 922(g). We affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

We first conclude the district court did not err in denying Holman's motions for a judgment of acquittal because the evidence was sufficient to support his conviction: the arresting officer testified he saw Holman drop what the officer believed to be a gun, the officer found a gun in the van where Holman had been sitting, Holman admitted he (Holman) had "found" the gun although he was not going to hurt anyone with it, and after Holman's failed escape at the arrest site, he provided false identification. See United States v. James, 172 F.3d 588, 591 (8th Cir. 1999) (standard of review of denial of motion for judgment of acquittal based on sufficiency of evidence); United States v. Barnes, 140 F.3d 737, 738 (8th Cir. 1998) ("Evidence of flight or escape is admissible and has probative value as evidence of consciousness of guilt."); United States v. Johnson, 18 F.3d 641, 644, 647-48 (8th Cir. 1994) (positioning of gun less than two feet from defendant, with butt of gun facing him, would permit reasonable fact finder to infer knowledge and control of gun); United States v. Horton, 873 F.2d 180, 181 (8th Cir. 1989) ("Evidence of false identification is relevant and admissible to show consciousness of guilt."). Although Holman argues the evidence is inconsistent, we note it is the jury's province to resolve conflicts in the testimony. See United States v. Ireland, 62 F.3d 227, 230 (8th Cir. 1995) (jury must judge credibility of witnesses and resolve contradictions in evidence).

We also conclude Holman's Lopez challenge to section 922(g) is foreclosed by our prior decisions and by evidence at trial that the functioning gun traveled across state lines. See United States v. Prior, 107 F.3d 654, 660 (8th Cir.) (one panel of this court is not at liberty to overrule another panel's decision), cert. denied, 118 S. Ct. 84 (1997); United States v. Bates, 77 F.3d 1101, 1103-04 (8th Cir.) (finding application of § 922(g) to defendant who merely possessed firearm that traveled in interstate commerce was "eminently constitutional"), cert. denied, 519 U.S. 884 (1996); United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam) (to satisfy interstate commerce element of § 922(g), it is sufficient that firearms have been, at some time, in interstate commerce), cert. denied, 517 U.S. 1125 (1996).

Finally, we note Holman has filed several pro se motions, asking us to relieve his court-appointed attorney, strike counsel's brief, and appoint a new attorney. We deny Holman's motions because the arguments he apparently wishes new counsel to make for the most part raise claims of ineffective assistance of counsel, which should be brought in a motion under 28 U.S.C. § 2255, see United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999), and the other arguments would not entitle him to relief.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-