# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1823

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Robert L. Shepherd, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 11, 2001

Filed:  March 29, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

BEAM, Circuit Judge.

Robert L. Shepherd appeals his conviction by a jury for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We affirm.

## I.    BACKGROUND

Two Kansas City police officers were responding to a reported robbery at a gas station when they encountered a Cadillac traveling at a high rate of speed, coming from the direction of the gas station.  They saw the Cadillac make a left turn without

a signal and pull to a stop in front of a home. Suspecting that the automobile may have been involved in the reported robbery, the officers pulled up behind the Cadillac and parked. They ordered the driver of the Cadillac, Shepherd, to put his hands on the car and began to frisk him for weapons. Before the officers could complete the weapons frisk, Shepherd ran away. The officers pursued Shepherd and during the pursuit one of the officers saw Shepherd discard a firearm. Shortly thereafter the other officer found the handgun. The officers eventually tracked Shepherd down and arrested him.

At the trial, after the close of all the evidence but before closing arguments, Shepherd complained to the district court about the quality of his court-appointed counsel. The district court did not find any merit to Shepherd's complaint and instructed Shepherd to return to his seat so the trial could proceed. Shepherd replied, "well, sir, I don't want to return to my seat." The district court responded by having the marshals remove Shepherd from the courtroom. This exchange occurred outside the presence of the jury. Shepherd never returned to the courtroom during trial. The jury convicted Shepherd and he was sentenced to one hundred months' imprisonment.

On appeal, Shepherd raises three issues. First, Shepherd claims that his removal from the courtroom violated his Sixth Amendment right to participate in his defense. Second, he contends that the federal statute criminalizing possession of a firearm by a felon is an unconstitutional exercise of congressional power. Finally, Shepherd argues there was insufficient evidence for a conviction.

## II. DISCUSSION

### A. Sixth Amendment

We review a district court's decision to remove an uncooperative defendant from the courtroom during trial under the abuse of discretion standard. Scurr v.

Moore, 647 F.2d 854, 859 (8th Cir. 1981). It is clear that a properly behaved criminal defendant has the constitutional right to be present at all phases of his or her trial. Illinois v. Allen, 397 U.S. 337, 338 (1970). Shepherd claims that his right to be present was violated when the district court removed him after he declared that he did not want to return to his seat. In support of this contention, Shepherd claims that Allen requires a trial judge to provide a warning to a defendant that he will be removed, prior to removal, and Shepherd received no such warning. While we think that the district court's failure to warn Shepherd about his imminent removal is troublesome, under the facts of this case and mindful of the deference due the trial judge, we cannot say that Shepherd's removal rises to the level of a constitutional violation. Furthermore, even though resolution of this issue is a close call, it is apparent that if there was a constitutional error, the error was harmless beyond a reasonable doubt. See Rushen v. Spain, 464 U.S. 114, 118 (1983).

The right to be present at all phases of a criminal trial is not absolute. See Allen, 397 U.S. at 343-44. The Supreme Court has noted that trial judges "confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." Id. at 343. In addition, Allen eschewed hard and fast rules, reasoning that "[n]o one formula for maintaining the appropriate courtroom atmosphere will be best in all situations." Id. To that end, this court has held that "great deference must be accorded [to the trial judge's] decision" when evaluating the constitutionality of removing a defendant. Scurr, 647 F.2d at 858.

In the present case, the trial judge asked Shepherd to return to his seat and Shepherd refused. The trial judge removed Shepherd at that point because he was concerned that Shepherd would do "himself more harm before the jury in his present state of mind than not." Shepherd's attorney agreed with that conclusion. The trial judge also concluded that removing Shepherd was "the only fair thing to do to him." While removal should be frowned upon as a solution to a disruptive defendant, "the

balancing of the defendant's confrontation right with the need for the proper administration of justice is a task uniquely suited to the trial judge." Scurr, 647 F.2d at 858.[1] It appears that the trial judge thought that if Shepherd remained in the courtroom his demeanor would harm his case in the eyes of the jury. The trial judge's decision was based on his view that the best way to achieve a just verdict for Shepherd was to remove him. Allen recognized that one of the factors a trial judge should consider when choosing a method to deal with an unruly defendant is the effect the method may have on the jury's feelings toward the defendant. Allen, 397 U.S. at 344. We see little need to second-guess the trial judge's decision that removal was the best way for Shepherd to receive a just verdict.

In any event, even if it was constitutional error for the trial judge to exclude Shepherd without warning him first, the error was harmless beyond a reasonable doubt. "[T]he right to be present during all critical stages of the proceedings . . . [is] subject to harmless error analysis." Rushen, 464 U.S. at 118 n.2 (citation omitted). The fact that Shepherd was not removed until just before the start of closing arguments, combined with the overwhelming evidence against him, convinces us that Shepherd's removal was harmless. One of the primary advantages of the defendant being present at his trial is his ability to communicate with his counsel. Allen, 397 U.S. at 344. By the time Shepherd was removed from his trial, the advantages to be gained from communicating with his counsel were negligible because closing arguments were all that remained. Furthermore, the reason Shepherd was removed was because he was angry with his counsel and with the judge for not agreeing with

---

[1]The Supreme Court has stated that the Confrontation Clause of the Sixth Amendment guarantees the right of an accused "to be present in the courtroom at every stage of his trial." Allen, 397 U.S. at 338. In addition to the rights guaranteed by the Sixth Amendment's Confrontation Clause, the Supreme Court has held that a defendant's attendance at trial is required by the Fifth and Fourteenth Amendment, "to the extent that a fair and just hearing would be thwarted by [the defendant's] absence." Snyder v. Massachusetts, 291 U.S. 97, 108 (1934).

him that his counsel was deficient. Thus, it is unlikely that there would have been meaningful communication between Shepherd and his defense counsel during closing arguments even if Shepherd had been present.

Finally, the overwhelming evidence of Shepherd's guilt further compels the conclusion that his removal from the trial was harmless. Shepherd conceded that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. He also conceded that the firearm recovered by the police had traveled through interstate commerce. The only element of the charged offense that Shepherd contested was that the firearm was in his possession. That element was clearly established, however, by the testimony of two police officers–one who saw Shepherd discard the firearm, and the other who recovered the gun where Shepherd dropped it as he jumped over a fence while being chased. Also, a witness testified that she saw Shepherd with a weapon the night before his arrest, when he spoke of firing it to celebrate the New Year. In sum, the evidence that Shepherd was a felon in possession of a firearm was overwhelming, and any error resulting from his removal was harmless.

### B.    Commerce Clause

Shepherd claims that the crime of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), is not directed at interstate commerce and, therefore, is not a constitutional exercise of congressional power. See United States v. Morrison, 529 U.S. 598 (2000). This argument is without merit. We review federal constitutional questions de novo. United States v. Bates, 77 F.3d 1101, 1104 (8th Cir. 1996). Shepherd's claim has already been considered and rejected by prior decisions of this court upholding the constitutionality of the felon in possession statute versus a Commerce Clause argument. United States v. Prior, 107 F.3d 654, 660 (8th Cir. 1997) (one panel of this court is not at liberty to overrule another panel's decision). In Bates, the court determined that the requirement that a gun must have been in

interstate commerce at some point is sufficient to show a proper nexus under the Commerce Clause. Accord United States v. Holman, 197 F.3d 920, 921 (8th Cir. 1999). The Supreme Court's decision in Morrison does not, as Shepherd maintains, call into question our prior holdings in Bates and Holman. The evidence at trial established that the firearm Shepherd possessed traveled across state lines, satisfying the Commerce Clause requirement.

### C. Sufficiency of the Evidence

Shepherd claims the evidence presented at trial was not sufficient to convict him of being a felon in possession of a firearm. This claim is also without merit. Evidence is sufficient to support a verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Sanchez, 252 F.3d 968, 972 (8th Cir. 2001). We review the evidence in the light most favorable to the verdict, accepting all reasonable inferences which the evidence tends to prove. United States v. Nation, 243 F.3d 467, 471 (8th Cir. 2001).

The evidence against Shepherd could not be more clear. One police officer testified he saw Shepherd toss a gun near a fence, and another officer testified that he found the gun in that same area. Shepherd offered no evidence to rebut this testimony, other than his uncorroborated denials regarding the gun. Viewing the evidence in a light most favorable to the verdict, it is obvious that the jury had sufficient evidence with which to convict Shepherd.

## III. CONCLUSION

For the reasons stated, the jury's verdict is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.