# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1033

_____

United States of America,          *
                                  *

        Appellee,          *
                                  *    Appeal from the United States
    v.                   *    District Court for the
                                    *    District of North Dakota.

Dale Adin Beston,         *
                                  *     [UNPUBLISHED]
        Appellant.        *

_____

Submitted: September 26, 2003
Filed: October 1, 2003

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

After a jury trial, Dale Adin Beston, an Indian, was convicted of taking money from another person by force, violence, and intimidation within the exclusive jurisdiction of the United States, in violation of 18 U.S.C. §§ 2111, 1153, and 2. The district court[1] sentenced Beston to 84 months imprisonment and 2 years supervised release. On appeal, Beston argues that the witnesses' contradictory testimony cannot sustain the guilty verdict, and that the district court erred in denying the jury access

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

to a medical text on the effects of methamphetamine use, which could have discredited the testimony of a prosecution witness--Beston's coconspirator--who admitted to abusing the narcotic.

Although the testimony of the victim and Beston's coconspirator was inconsistent and contradictory, and although the coconspirator's testimony was further undermined by her admitted methamphetamine abuse and the testimony of other defense witnesses, resolving these inconsistencies and determining witness credibility is solely the responsibility of the jury. See United States v. Harris, 310 F.3d 1105, 1111 (8th Cir. 2002) (appellate court may not assess credibility of witnesses), cert. denied, 123 S. Ct. 2121 (2003); United States v. Holman, 197 F.3d 920, 921 (8th Cir. 1999) (per curiam) (resolving conflicts or contradictions in testimony is role of jury); United States v. McCarthy, 97 F.3d 1562, 1571 (8th Cir. 1996) (when reviewing sufficiency of evidence, witness credibility must be resolved in favor of verdict), cert. denied, 519 U.S. 1139, and cert. denied, 520 U.S. 1133 (1997). We conclude the jury could have found that the government had proven all the elements of the offense beyond a reasonable doubt. See United States v. Fitz, 317 F.3d 878, 1111 (8th Cir. 2003) (challenge to sufficiency of evidence is reviewed de novo, examining evidence in light most favorable to verdict).

Also, the district court did not abuse its discretion in refusing to admit the medical text on methamphetamine use, which Beston did not offer in connection with any witness's testimony, despite the district court's offer to allow Beston to present testimony about the effects of methamphetamine use. See United States v. McQuiston, 998 F.2d 627, 629 (8th Cir. 1993) (court did not abuse its discretion in excluding periodical article on medical effects of inhalants that was not offered in connection with any witness's testimony). Further, any error in excluding the medical material was harmless: Beston's coconspirator testified that she abused methamphetamine, that she had taken it prior to the robbery, and that her methamphetamine use adversely affected her memory and judgment. Cf. United

States v. Riley, 657 F.2d 1377, 1388 (8th Cir. 1981) (district court exclusion of records about witness's use of LSD and blackouts was harmless error because witness testified about her drug abuse).

Accordingly, we affirm.

_____