# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3343

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Kinsley Bateman, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: December 17, 2004
Filed: December 21, 2004

———————

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Kinsley Bateman pleaded guilty to a charge of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The District Court[1] sentenced him to 180 months in prison, the sentence recommended by the government under the terms of the plea agreement. On appeal, Bateman claims that he did not understand the nature of the charge against him; that the mutual waiver of appeal rights in the plea agreement was not valid as to him; that 18 U.S.C. § 922(g) exceeds Congress's power under the Commerce Clause; and that he was sentenced in violation of his constitutional rights

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

because a jury did not find, and Bateman did not admit to the facts to support a finding, that he was an armed career criminal. Because we conclude that Bateman's waiver of his right to appeal was valid, we dismiss the appeal for lack of jurisdiction.[2]

Before a district court can accept a guilty plea, Rule 11 of the Federal Rules of Criminal Procedure requires that the court conduct a hearing in open court, with the defendant under oath. If the plea agreement includes a waiver of the right to appeal, "the court must inform the defendant of, and determine that the defendant understands," the terms of that waiver. Fed. R. Crim. P. 11(b)(1)(N). Moreover, the District Court must ensure that the defendant has knowingly and voluntarily waived his right to appeal. United States v. Andis, 333 F.3d 886, 890–91 (8th Cir.) (en banc), cert. denied, 124 S. Ct. 501 (2003). According to Bateman, the District Court failed to fulfill its responsibilities at the Rule 11 hearing. As a consequence, he argues, the waiver is not valid, and this Court therefore has jurisdiction to address the merits of his appeal.

On the second page of the written plea agreement between Bateman and the United States Attorney for the Eastern District of Missouri is an explicit mutual waiver of rights to appeal, with limited exceptions. The agreement was signed by Bateman, his attorney, and an assistant United States attorney (AUSA). Bateman testified under oath at the plea hearing that he had reviewed the agreement with his attorney. The AUSA then recited the substance of the written agreement, including the mutual waiver of rights to appeal, and Bateman testified that he agreed that the

---

[2]To the extent Bateman claims that the statute is invalid under the Commerce Clause, the claim is a jurisdictional one, not subject to waiver. This Court has clearly held on more than one occasion that the statute (18 U.S.C. § 922(g)) represents a valid exercise of Congress's power under the Commerce Clause. United States v. Gary, 341 F.3d 829, 835 (8th Cir. 2003), cert. denied, 124 S. Ct. 1128 (2004); United States v. Shepherd, 284 F.3d 965, 969 (8th Cir. 2002); United States v. Bates, 77 F.3d 1101, 1104 (8th Cir.), cert. denied, 519 U.S. 884 (1996).

government's description of the agreement was correct. At the time of the hearing, Bateman was a competent, forty-seven-year-old man with two years of college education and was familiar with the criminal justice system. Despite Bateman's claims to the contrary, we hold that the record shows that the waiver of appellate rights complies with Rule 11(b)(1)(N) as interpreted by this Court in <u>Andis</u>. We do not disagree with Bateman's suggestion that the court might have spent more time at the hearing on the appeal waiver, but we do not agree that a detailed colloquy on the subject was required in this case for the waiver to be valid.

The appeal is dismissed.

_____