# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1222

———————

United States of America,

        Appellee,

v.

David F. Williams,

        Appellant.

\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*
\*

———————

Submitted: October 12, 2005
Filed: December 21, 2005

———————

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

David Franklin Williams was convicted of six counts of manufacturing and distributing methamphetamine, and one count of being a felon in possession of firearms. Williams appeals the district court's[1] denial of his motion to suppress evidence obtained after a warrantless search, as well as the judge's decision to remove him from the courtroom for continually disruptive conduct. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

# I.

On January 7, 2004, officers arrested Sean Simaytis for possessing and manufacturing meth. Simaytis, agreeing to cooperate, told them he recently went to Williams's home where there was a meth laboratory. Simaytis stated he helped manufacture meth there, giving the officers a description of the home and Williams's car, as well as positively identifying him from a photograph.

Using this information, officers found the exact address of Williams's home and conducted a "stationary surveillance." The described car was parked at the home, with several other cars. That afternoon, the officers witnessed Williams use a key to enter the house and then return outside to move the identified car. The officers approached and made contact with Williams, at which time they noticed two propane cylinders with discolored valve fittings through an open door of a detached building. Valve-fitting discoloration is often a sign of unauthorized containers storing anhydrous ammonia, an ingredient for meth.

Once Williams was detained, the officers approached the front door to determine if other people were inside the home. Before entering, one officer, Task Force Officer Flett, smelled ether and other chemicals. Knowing the dangers of meth labs, the officers entered the home and, once inside, smelled ether and other chemical fumes. The officers observed in plain view the components of a meth lab. They ventilated the home and took photographs of the exterior in preparation for the warrant. The officers then obtained a search warrant and found additional evidence of meth production and distribution.

Although Williams did not move to suppress the evidence before the court-ordered pretrial deadline, on the morning of the first day of trial his attorney did make what the judge termed "an oral motion in limine." Specifically, Williams objected to the photographs and evidence taken after the search warrant was issued, claiming they

were the fruit of the poisonous tree from the initial warrantless search. The judge denied the motion.

The standard of review for suppression issues is two-pronged. This court reviews a district court's factual findings for clear error and its legal conclusions de novo. *See* **United States v. Black Bear**, 422 F.3d 658, 661 (8th Cir. 2005); **United States v. Schmidt**, 403 F.3d 1009, 1012 (8th Cir. 2005) (applying same two-pronged approach regarding presence of exigent circumstances).

On February 6, 2004, the district court ordered that all pretrial motions be filed within 20 days. *See* **Fed. R. Crim. P. 12(c)**. Williams's stand-by attorney did not make the "oral motion in limine" until September 13, 2004, well after the deadline. Williams thus waived his right to file a suppression motion. But, the district court may grant relief from the waiver for good cause. *See* ***id.*** **12(e)**. The district court granted Williams this relief when it entertained, and denied, his oral motion in limine.

Although this court reviews the district court's factual findings for clear error, in this case the court did not state its essential findings on the record. *See* ***id.*** **12(d)**. However, Williams waived this claim by not objecting to the lack of findings. This court will uphold the district court's decision on the motion to suppress if, on review of the record, "any reasonable view of the evidence supports" the district court's decision. *See* **United States v. Bloomfield**, 40 F.3d 910, 913 (8th Cir. 1994), *quoting* **United States v. Harley**, 990 F.2d 1340, 1340 (D.C. Cir. 1993).

The issue here is whether a reasonable view of the evidence supports the district court's finding of exigent circumstances for a warrantless search. *See* **United States v. Walsh**, 299 F.3d 729, 733–34 (8th Cir. 2002) (court considers safety factors when deciding whether exigent circumstances existed); **United States v. Williams**, 604 F.2d 1102, 1121 (8th Cir. 1979) (where trial court denies motion to suppress without making determination of exigent circumstances, reviewing court affirms if any

reasonable view of evidence supports it). The existence of exigent circumstances is an objective analysis "focusing on what a reasonable, experienced police officer would believe." *See United States v. Kuenstler*, 325 F.3d 1015, 1021 (8th Cir. 2003), *quoting* **In re *Sealed Case 96-3167***, 153 F.3d 759, 766 (D.C. Cir. 1998); *see also United States v. Crossland*, 301 F.3d 907, 911 (8th Cir. 2002); *Greiner v. City of Champlin*, 27 F.3d 1346, 1353 (8th Cir. 1994).

Detective Scott Britton testified that Task Force Officer Flett smelled ether and other chemicals before entering the home.[2] Additional evidence supports the district court's decision to deny the oral motion in limine. Simaytis identified Williams from a photograph, told officers he helped manufacture meth at his home, and described both Williams's house and car. While making contact with Williams, officers noticed in plain view propane cylinders with discolored valve fittings, an indication of anhydrous ammonia, an ingredient of meth. Several other cars were parked at the home, a sign that other people might be inside and in danger.

These facts, combined with Flett's detection of chemical odors and ether, make it reasonable that an experienced officer would conclude that the home contained a meth lab and that exigent circumstances were present. *See United States v. Lloyd*, 396 F.3d 948, 954 (8th Cir. 2005), *cert. denied*, 125 S.Ct. 2558 (2005) (volatile nature of meth labs justify exigent circumstances); *see also **Walsh***, 299 F.3d at 734. In order to protect the safety of the officers, as well as neighborhood residents and the people potentially inside the house, the officers could reasonably conclude it was necessary to conduct a protective sweep of the home. Once inside, the officers were allowed to

---

[2]Detective Britton also testified that Flett was guarding Simaytis in a hotel. Flett never testified at trial. However, when on recross-examination Britton testified that Flett was guarding Simaytis, it is unclear the timeframe to which he was referring. His direct testimony is very clear that Flett was with him at the home. Thus, a reasonable view of the testimony is that Flett was at the home and smelled the chemicals and ether before the search.

seize meth equipment that was in plain view. *See United States v. Chipps*, 410 F.3d 438, 442 (8th Cir. 2005) (officers may seize items in plain view if they have the right to be in that place). Thus, a reasonable view of the evidence supports the district court's decision to deny Williams's oral motion in limine.

## II.

Williams represented himself pro se during much of the pretrial hearings as well as the trial itself. While in the courtroom, however, he constantly interrupted the judge to object. Most of these objections were without merit, such as an accusation that the court made Williams sign a contract under fraud and misrepresentation. At one point, Williams even stated:

> Objection. Isn't it true that my trade name is trademarked and copyrighted for $10 million to be paid in gold and silver as payable immediately and that you do not have my permission to use it?

And at another point:

> Objection for the record. Is it not a fact that since I am an ambassador, and my epistle number is 2184230012-ARK, that you are in violation of Title 18, Subsection 112.

The judge warned Williams repeatedly about his disruptive behavior, giving him numerous opportunities to conduct himself properly. When Williams refused to cooperate, he was removed from the courtroom – the first time before voir dire – and stand-by counsel then represented him. Williams was also removed twice during voir dire, thereafter watching the proceedings on closed-circuit television. Williams returned at the close of voir dire, only to continue his barrage of objections, causing the judge to remove him again.

By the end of the first day of trial, the judge told Williams he could return if he promised to behave appropriately. Although the court informed Williams that only his stand-by counsel could object, he continued to interrupt the trial, causing the court to remove him once more. The judge explained to stand-by counsel that Williams could return whenever he agreed to follow the court's procedures and rules. At the close of evidence, the judge brought Williams back – out of the presence of the jury – to question him about his decision not to testify. However, Williams still interrupted the judge and objected to every question. Williams was then removed for the remainder of the trial.

This court reviews a district court's decision to remove an uncooperative defendant from the courtroom during trial for abuse of discretion. *See United States v. Shepherd*, 284 F.3d 965, 967 (8th Cir. 2002); *Scurr v. Moore*, 647 F.2d 854, 859 (8th Cir. 1981). If a district court removes a defendant in violation of his constitutional right to be present at every phase of his trial, it is subject to harmless error analysis. *See United States v. Barth*, 424 F.3d 752, 762 (8th Cir. 2005), *citing Shepherd*, 284 F.3d at 967–68.

Although a criminal defendant has a constitutional right to be present for all phases of his trial, this right is not absolute. *See id.*, *citing Illinois v. Allen*, 397 U.S. 337, 338 (1970); *Shepherd*, 284 F.3d at 967 (same).

> Although mindful that courts must indulge every reasonable presumption against the loss of constitutional rights, . . . we explicitly hold today that a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. Once lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings.

***Allen***, 397 U.S. at 343 (citations omitted).  One constitutionally permissible method of dealing with an unruly defendant is to remove the defendant from the courtroom "until he promises to conduct himself properly."  ***Id.*** at 344; *see also **id.*** at 345–46.

Williams's courtroom behavior – generally objecting to every question and statement the judge made – threatened the continuation of the trial.  As in *Allen*, in this case the judge warned Williams repeatedly that he would be removed if he continued his unruly conduct.  Also like the defendant in *Allen*, Williams was informed that he could return to the courtroom when he agreed to conduct himself in an orderly manner.   Williams argues that he should not have been removed because his comments did not occur in the presence of the jury.  However, this is only because the judge removed him before he could do so, partially because he was disrupting the trial, but also to prevent Williams from hurting his own case by prejudicing the jury.  *Cf. **id.*** at 345 (binding and gagging defendant is least desirable option because it "might have a significant effect on the jury's feelings about the defendant"); *cf. also **United States v. Stewart***, 20 F.3d 911, 915 (8th Cir. 1994) (jury's impartiality can be undermined by circumstances that draw attention to irrelevant factors); ***Bibbs v. Wyrick***, 526 F.2d 226, 228 (8th Cir. 1975) (jury most likely found handcuffed defendant less prejudicial than when he was unhandcuffed).   Because of his continually disruptive conduct, this court holds that Williams lost his sixth amendment right to be present throughout his trial.  *See **Allen***, 397 U.S. at 346, 347.  The judge did not abuse his discretion in removing Williams from the courtroom.

The judgment of the district court is affirmed.

_____