# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1790

_____

United States of America,                    *
                                             *
                 Appellee,                   *
                                             *   Appeal from the United States
        v.                                   *   District Court for the
                                             *   District of North Dakota.
John Turnage,                                *
                                             *   [UNPUBLISHED]
                 Appellant.                  *

_____

Submitted: February 1, 2006
Filed: February 9, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury found John Turnage guilty of possessing more than 5 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and the district court[1] sentenced him to 360 months in prison and 8 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Turnage has filed a pro se supplemental brief. For the reasons discussed below, we affirm the judgment of the district court and grant counsel's motion to withdraw.

_____

[1]The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

First, we conclude that the district court did not err in denying Turnage's suppression motion. See United States v. Williams, 431 F.3d 1115, 1117 (8th Cir. 2005) (standard of review). While police are required to engage in some independent verification of information provided to them by a previously unknown informant, they did so adequately in this case. See United States v. Amaya, 52 F.3d 172, 173-74 (8th Cir. 1995). Also, even if we assume for the sake of argument that Turnage made a substantial preliminary showing that police intentionally or recklessly omitted facts from the search warrant application that made it misleading, he did not make a substantial preliminary showing that the application could not support a finding of probable cause if the omitted facts had been included. See United States v. Wells, 223 F.3d 835, 838 (8th Cir. 2000).

Second, we conclude that the evidence is sufficient to support Turnage's conviction. See United States v. Barrow, 287 F.3d 733, 736 (8th Cir.) (standard of review; elements of offense), cert. denied, 537 U.S. 1024 (2002). In finding that Turnage intended to distribute the crack, the jury was entitled to believe the government witnesses' testimony and disbelieve Turnage's testimony. See United States v. Fellers, 397 F.3d 1090, 1099 (8th Cir.), cert. denied, 126 S. Ct. 415 (2005).

Third, we conclude that the district court's denial of Turnage's downward-departure motion is unreviewable because the court stated that it recognized its authority to depart. See United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005).

Finally, having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we conclude that there are no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____