# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3131

———————

United States of America,    *
                             *
            Appellee,        *
                             *   Appeal from the United States
      v.                     *   District Court for the
                             *   District of Nebraska.
                             *
Arturo Serrano Lopez, also known as    *
Sparky,                      *       [UNPUBLISHED]
                             *
            Appellant.       *

———————

Submitted: August 4, 2006
Filed: August 16, 2006

———————

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Arturo Serrano Lopez (Serrano Lopez) pled guilty to possessing with intent to distribute more than five grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). The district court[1] sentenced Serrano Lopez, consistent with his Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, to 72 months' imprisonment and 5 years' supervised release. His counsel moved for leave to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing

———————

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Serrano Lopez's sentence is greater than necessary to promote the goals of 18 U.S.C. § 3553(a). Serrano Lopez has not filed a pro se supplemental brief.

Serrano Lopez cannot properly challenge the sentence to which he stipulated in his plea agreement, because he voluntarily exposed himself to a specific punishment, and because in his plea agreement Serrano Lopez waived his right to appeal, which we enforce. See United States v. Cook, 447 F.3d 1127, 1128 (8th Cir. 2006) ("defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal"); United States v. Bateman, 119 F. App'x. 17, 18 (8th Cir. 2004) (per curiam) (appeal waiver will be enforced when defendant knowingly and voluntarily waives his right to appeal). Further, having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude there are no nonfrivolous issues.

Accordingly, we affirm the district court's judgment and grant counsel's motion to withdraw.

_____