**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEON TAJARE JACKSON,

Defendant-Appellant.

No. 06-1246
(D.C. No. 05-CR-164-PSF)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge**, KELLY** and **O'BRIEN**, Circuit Judges.

Leon Tajare Jackson appeals his conviction pursuant to 18 U.S.C.
§ 922(g)(1) for illegally possessing a firearm after having been previously
convicted of a felony. He contends that there is insufficient evidence to support
his conviction. We affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"We review de novo whether the government presented sufficient evidence to support a conviction." *United States v. Summers*, 414 F.3d 1287, 1293 (10th Cir. 2005). In doing so, we "ask only whether taking the evidence–both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Zabriskie*, 415 F.3d 1139, 1144 (10th Cir. 2005) (quotation omitted). Also, in evaluating the sufficiency of the evidence, we consider "the collective inferences to be drawn from the evidence as a whole." *United States v. Brooks*, 438 F.3d 1231, 1236 (10th Cir. 2006) (quotation omitted). For evidence to be sufficient to support the conviction, it must be substantial and "do more than raise a mere suspicion of guilt." *United States v. Dunmire*, 403 F.3d 722, 724 (10th Cir. 2005) (quotation omitted).

For a conviction pursuant to § 922(g)(1), the government must prove three elements beyond a reasonable doubt: (1) the defendant was a previously convicted felon; (2) he subsequently knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce. *United States v. Norman*, 388 F.3d 1337, 1340 (10th Cir. 2004). Mr. Jackson contests only the second element, that he knowingly possessed a firearm.

At trial, the government called two police officers, who both testified that they saw three men standing on a street corner. After one man started running

toward their police car, the other two men, who saw the police car, ran in the opposite direction. The officers noticed Mr. Jackson due to the way he was running, as if he were holding something in front of him, and the fact that he kept looking back at the police car. The officers began to follow him. Mr. Jackson jumped onto a fence, causing it to break, and then went over the fence. One officer testified that "I wasn't sure if he tossed or if something fell from him, but a real small silver object came up from where he was jumping, came up and went over the fence and disappeared." R., Vol. IV at 172; *see also id.* at 172-73 (stating "it appeared to be a metal – silver-colored metal object . . . something like an Altoids can"); *id.* at 205-07 (admitting he did not know if Mr. Jackson tossed the object, if he lost it, or if it flew off the fence). The officer further testified that after Mr. Jackson got over the fence, he continued running in a normal fashion, moving his hands, instead of holding them in front of himself. *See id.* at 174, 184. The second officer testified that he saw Mr. Jackson toss a small chrome-colored object over the fence. *Id.* at 218-20. Both officers returned to the fence area after Mr. Jackson was apprehended to look for the object. *Id.* at 192-93, 230. They found only a small, silver or chrome-colored handgun. *Id.* at 193, 196, 230-31. The first officer told the jury that he thought the gun came from Mr. Jackson, because it was close to where he jumped the fence and where the object would have landed when it hit the ground. *See id.* at 200.

A woman, who lived in the house next to the fence, testified that she saw from a window a man jump the fence. In addition, she testified that she saw, again from her window, a gun lying on the ground that had not been there earlier. *Id.* at 256, 265. Based on this evidence, the jury found that Mr. Jackson knowingly possessed the firearm in question.

Mr. Jackson, however, claims that no reasonable jury could have found that he possessed the handgun because such a finding could be made only by piling inference upon inference. He contends that for a jury to find that he possessed the handgun the jury must infer that the shiny object that flew into the air when he hit the fence was in his possession, that the handgun found in the yard was the object that flew into the air; and that this handgun was in his possession. Also, he argues that

> where the police officers could not be certain that the object flew
> into the air or was thrown, could not be certain what it was, and
> could not be certain that the handgun recovered was the object which
> went into the air, inference was piled on inference in order to come
> to the jury's conclusion that defendant was in knowing possession of
> the recovered handgun, and that verdict must be seen as a result of
> suspicion or speculation.

Aplt. Br. at 12-13. Further, he contends that since he stipulated to the fact that he had a prior felony conviction, the jury could have piled on another speculative inference that if he had a prior felony conviction, he must have possessed this handgun.

We have carefully reviewed the briefs and the record. The record contains specific evidence supporting the jury's conclusion that Mr. Jackson possessed the firearm in question. The handgun was found at the location where he jumped over a fence and where two police officers saw him throw or drop a silver object. *Cf. United States v. Shepherd*, 284 F.3d 965, 969 (8th Cir. 2002) (holding there was sufficient evidence to show possession of gun where one police officer testified he saw defendant toss gun and another officer testified he found gun in same area where first officer saw gun tossed). The reasonable inference, "flow[ing] from logical and probabilistic reasoning," is that Mr. Jackson had actual possession of the gun at the time he jumped the fence and he tossed or dropped the gun upon jumping the fence. *Summers*, 414 F.3d at 1295 (quotation omitted). Accordingly, under the deferential standard of viewing evidence in the light most favorable to the government, we conclude that a reasonable jury could have found Mr. Jackson guilty beyond a reasonable doubt.[1]

---

[1]     Mr. Jackson also makes the conclusory argument that there was insufficient evidence to support his conviction because there were no fingerprints on the gun and there was no gunshot residue found on him. His wearing gloves accounted for the fact that there were no fingerprints on the gun. He was not tested for gunshot residue, because he had been subdued with mace.

The judgment of the district court is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge