# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2374

_____

United States of America,      *
                               *
            Appellee,          *
                               *    Appeal from the United States
      v.                       *    District Court for the
                               *    Northern District of Iowa.
Alberto Villalpando,           *
                               *    [UNPUBLISHED]
            Appellant.         *

_____

Submitted: December 3, 2008
Filed: January 9, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alberto Villalpando appeals the judgment of the district court[1] entered upon a jury verdict finding him guilty of conspiring to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C) and 846; and of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). He challenges the sufficiency of the evidence and the application of an obstruction-of-justice sentencing enhancement. For the reasons that follow, we affirm.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

The trial testimony of drug task force officers and forensic chemists established the following. A confidential informant (CI) arranged to make a controlled purchase of a pound of methamphetamine from Margarito and Fernando Cortez at the CI's residence on November 22, 2005. That day, the CI wore a hidden video camera and an audio device that recorded her conversations and transmitted them to officers monitoring the events. Margarito was standing outside the CI's residence when a car occupied by Villalpando and another person arrived. Margarito then went inside, where his delivery of a package to the CI was captured on the video camera and audio recording device. The CI gave the package to the officers, and forensic chemists determined it contained 434.2 grams of methamphetamine mixture, which at 19% purity amounted to 82.4 grams of actual methamphetamine.

In April 2006, officers executed a search warrant at the residence of Fernando and Margarito Cortez, recovering a quantity of cocaine and a substance commonly used to "cut," or dilute, cocaine. Upon Margarito's arrest, he identified Villalpando as his cocaine supplier and contacted Villalpando to arrange a purchase. Officers observing Villalpando's residence saw him leave, followed him to Margarito's residence, arrested Villalpando, and found five bags of cocaine in his pocket. Additional bags of cocaine were found at Villalpando's residence after he told officers where to look.

During Villalpando's post-arrest interview, which was recorded and played for the jury, he stated that for about two months he had obtained cocaine from someone named Chango, and that he would deliver cocaine to Margarito Cortez, who would then cut it to double his quantity. Villalpando also acknowledged selling a pound of methamphetamine several months earlier, and he described the details of the transaction. At trial, Villalpando testified that he had been involved with cocaine, that he had delivered it to Margarito in the past, that he had cocaine on his person when he was arrested, and that cocaine was found at his residence. He testified that he had never delivered methamphetamine, however, and that his contrary statements to the

police were false. The jury found him guilty of conspiring to distribute 50 grams or more (but less than 500 grams) of methamphetamine mixture, 50 grams or more of actual methamphetamine, and an unspecified quantity of powder cocaine; and guilty of distributing 50 grams or more of actual methamphetamine.

The calculations for an advisory Guidelines imprisonment range of 151-188 months included a 2-level increase to the base offense level for obstruction of justice, based on Villalpando's having committed perjury at trial. At sentencing, the district court overruled his objection to the enhancement, finding by a preponderance of the evidence that Villalpando was untruthful at trial when he denied delivering methamphetamine. The district court sentenced him to concurrent terms of 151 months in prison, and 5 years of supervised release.

First, we conclude that Villalpando's post-arrest admissions and his consistent trial testimony regarding his delivery of cocaine sufficiently established that two or more persons reached an agreement to distribute cocaine, that Villalpando voluntarily and intentionally joined the agreement, and that he knew its essential purpose. See United States v. Harris, 493 F.3d 928, 931 (8th Cir. 2007) (elements of conspiracy to distribute controlled substance); United States v. Titlbach, 339 F.3d 692, 696-97 (8th Cir. 2003) (slight evidence connecting defendant to conspiracy may be enough to sustain conviction; government need only prove defendant tacitly agreed to participate and intended conspiracy's unlawful goal); United States v. Shepherd, 284 F.3d 965, 969 (8th Cir. 2002) (evidence is viewed in light most favorable to verdict, and is sufficient if any rational trier of fact could have found essential elements of crime beyond reasonable doubt).

We further conclude that the testimony of one of the forensic chemists, along with the testimony of the officers conducting surveillance and Villalpando's post-arrest admission--the retraction of which the jury apparently disbelieved--that he had delivered a pound of methamphetamine, constituted ample evidence supporting the

jury's special verdict that Villalpando was responsible for less than 500 but at least 50 grams of methamphetamine mixture and more than 50 grams of actual methamphetamine, notwithstanding slight uncertainties based on sample testing. See Gibson v. Bowersox, 78 F.3d 372, 374 (8th Cir. 1996) (proof of existence of controlled substance need not be by direct evidence; use of random testing is permissible to establish substance contained cocaine base for sentencing purposes; every particle of substance need not be tested); United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (in reviewing sufficiency of evidence, reviewing court can neither weigh evidence nor assess credibility of witnesses); cf. Titlbach, 339 F.3d at 696 (chemist's trial testimony about theoretical yields of methamphetamine based on precursor elements was sufficient to support jury's special verdict on quantity).

Finally, we hold that the district court did not commit clear error in finding that Villalpando perjured himself at trial when he denied any involvement with methamphetamine, given the surveillance evidence and his post-arrest admissions, and we conclude that the obstruction-of-justice enhancement was permissible. See United States v. Molina, 172 F.3d 1048, 1058 (8th Cir. 1999) (findings of fact in support of obstruction-of-justice enhancement reviewed for clear error, and application of Guidelines reviewed de novo; perjury at trial constitutes obstruction of justice).

Accordingly, we affirm.

_____