# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4147

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Jordan Danks, | * | |
| | * | [To be published] |
| Appellant. | * | |

_____

Submitted: August 2, 1999
Filed: August 13, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

In April 1998, Danks shot at a car, which was parked within 1,000 feet of an elementary school. After a federal grand jury charged Danks with possessing a firearm within 1,000 feet of a school, in violation of 18 U.S.C. § 922(q)(2)(A), Danks moved to dismiss the indictment against him, arguing that section 922(q), as amended in 1996 (the amended Act), is an unconstitutional use of Congress's Commerce Clause power. The District Court[1] denied his motion, finding that the amended Act was constitutional

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

and that the firearm had moved in interstate commerce. Danks pleaded guilty to the offense, and the District Court sentenced him to a two-year term of probation. Danks now appeals the order denying his motion to dismiss. We affirm.

Before it was amended, section 922(q) (the original Act) had made it a federal crime "for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." In United States v. Lopez, 514 U.S. 549 (1995), the Supreme Court held that the original Act was unconstitutional as it exceeded Congress's Commerce Clause authority, noting that the original Act lacked a "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affect[ed] interstate commerce." Id. at 561.

Following Lopez, the original Act was amended to add a jurisdictional requirement. The amended Act now provides, "It shall be unlawful for any individual knowingly to possess a firearm that has moved in or that otherwise affects interstate or foreign commerce at a place that the individual knows, or has reasonable cause to believe, is a school zone." 18 U.S.C. § 922(q)(2)(A).

Danks argues that the amended Act is still unconstitutional under Lopez, because the mere insertion of a "commerce nexus" does not cure the original Act's defect. Reviewing the constitutionality of the amended Act de novo, see United States v. Bates, 77 F.3d 1101, 1104 (8th Cir.), cert. denied, 519 U.S. 884 (1996), we conclude that Danks's Lopez challenge fails. In United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam), cert. denied, 517 U.S. 1125 (1996), we upheld the constitutionality of 18 U.S.C. § 922(g) (criminalizing act of being felon in possession of firearm) against a Lopez challenge. We concluded that, because section 922(g) contains an interstate-commerce requirement, i.e., the firearm in question must have been shipped or transported in interstate commerce, the statute ensures through case-by-case inquiry that the firearm in question affects interstate commerce. See Shelton,

66 F.3d at 992; see also <u>Bates</u>, 77 F.3d at 1104 (§ 922(g) contains express jurisdictional element that limits its reach to "'a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce'" (citing <u>Lopez</u>, 514 U.S. at 562)); <u>cf.</u> <u>United States v. Robinson</u>, 62 F.3d 234, 236-37 (8th Cir. 1995) (carjacking statute that addresses taking by force of cars that have been "transported, shipped, or received in interstate commerce" regulates item in interstate commerce, and includes requirement of case-by-case showing of nexus between intrastate activity and interstate commerce).

Like section 922(g), section 922(q) contains language that ensures, on a case-by-case basis, that the firearm in question affects interstate commerce. We hold that the amended Act is a constitutional exercise of Congress's Commerce Clause power.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.