[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10956
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00090-SDM-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC THOMAS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 29, 2019)

Before TJOFLAT, JORDAN and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Isaac Thomas appeals his convictions for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 1"), and possession of a firearm within 1,000 feet of a school zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4) ("Count 2"). For the first time on appeal, Thomas argues that both his Count 1 and Count 2 firearm convictions should be vacated because the § 922(g)(1) and (q) statutes violate the Commerce Clause and are therefore unconstitutional. Thomas also contends that his Count 1 conviction should be vacated because his indictment and plea colloquy were deficient by failing to establish that he knew that he was a convicted felon at the time he possessed the firearm. After careful review, we affirm Thomas's convictions.

## I. FACTUAL BACKGROUND

### A.    Offense Conduct

In January 2017, a fight broke out at a basketball game at a public high school in Plant City, Florida. After the game ended, several people, including Thomas, resumed the fight a few blocks away from the school. Local law enforcement officers responded to the scene.

One officer saw Thomas holding a firearm, which Thomas fired. Thomas then took his firearm, ran down a road, and got into a car. Officers pursued the car

until it crashed.  At that point, Thomas abandoned the car and fled on foot.  As Thomas attempted to flee, he was shot by an officer and apprehended.

Officers recovered a Ruger 9 millimeter firearm, loaded with six live rounds of 9 millimeter ammunition, approximately ten feet from where Thomas was apprehended.  They also found a spent 9 millimeter shell casing in the place where Thomas was standing when he fired the weapon.  In later interviews with law enforcement officers, Thomas admitted to possessing the Ruger 9 millimeter firearm and to firing it.

As a result, a grand jury indicted Thomas on Count 1, possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Count 2, possession of a firearm within 1,000 feet of a school zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4).  Under Count 1, the indictment alleged that Thomas was prohibited from possessing a firearm due to a 2012 felony conviction for attempted carjacking.  The indictment did not allege that Thomas was aware of his convicted felon status at the time of the instant unlawful firearm possession.

## B.    Guilty Plea

Thomas pled guilty pursuant to a written plea agreement.  The plea agreement contained a factual basis, which established (1) Thomas's convicted felon status based on his 2012 attempted carjacking conviction, and (2) that the

3

Ruger 9 millimeter firearm he possessed traveled in or affected interstate commerce because it was manufactured outside of Florida, where the instant offense occurred. Specifically, Alcohol, Tobacco, Firearms, and Explosives Special Agent Walt Lanier examined the firearm and determined that it was manufactured in Arizona. There was nothing in the plea agreement's factual basis indicating whether Thomas was aware of his prohibited felon status when he possessed the firearm.

At Thomas's change-of-plea hearing, a magistrate judge asked Thomas if he had a chance to discuss his plea agreement with his counsel, and Thomas said yes. The magistrate judge summarized the elements of Thomas's two charges. As to Count 1, the magistrate judge stated that the government would be required to prove that: (1) before possessing the firearm on or about January 20, 2017, Thomas was a convicted felon whose rights had not been restored; (2) on or about January 20, 2017, Thomas knowingly possessed the Ruger 9 millimeter firearm; and (3) the Ruger 9 millimeter firearm affected interstate commerce, that is, it was manufactured outside the State of Florida. As to Count 2, the magistrate judge explained that the government would be required to prove that: (1) Thomas knowingly possessed the Ruger 9 millimeter firearm within 1,000 feet of a school zone; (2) Thomas had reason to believe that he was in a school zone; (3) the

4

firearm had traveled in or affected interstate commerce at some point during its existence; and (4) Thomas acted knowingly.

The magistrate judge asked Thomas if he understood his charges and the elements of his offenses, and Thomas responded yes. Thomas then pled guilty to Counts 1 and 2. After being questioned by the magistrate judge, Thomas also confirmed that he was a convicted felon at the time he possessed the 9 millimeter firearm near the school, and Thomas's counsel stated that the government would have been able to prove Thomas's convicted felon status and that the firearm traveled in interstate commerce.

The magistrate judge then found that Thomas was competent and capable of entering an informed plea, his plea was knowingly made, and his plea was supported by an independent basis in fact containing all of the essential elements of his offenses. The magistrate judge recommended that Thomas's guilty plea be accepted. Without objection, the district court accepted Thomas's guilty plea and adjudged him guilty.

## C.    Sentencing

Thomas's presentence investigation report ("PSI") assigned him a total offense level of 34 and a criminal history category of III. Based on a total offense level of 34 and a criminal history category of III, Thomas's advisory guidelines range was 188 to 235 months' imprisonment.

However, the statutorily authorized maximum sentences for Count 1 under §§ 922(g)(1) and 924(a)(2) and Count 2 under §§ 922(q)(2)(A) and 924(a)(4) were less than the minimum of Thomas's guidelines range of 188 to 235 months' imprisonment. Under §§ 922(g)(1) and 924(a)(2), the maximum term of imprisonment is ten years, and under §§ 922(q)(2)(A) and 924(a)(4), the maximum term of imprisonment is five years. Also, the term of imprisonment for Count 2 under §§ 922(q)(2)(A) and 924(a)(4) had to run consecutive to any other term of imprisonment imposed. See 18 U.S.C. § 924(a)(4). Therefore, Count 1's adjusted advisory guidelines range was reduced to 120 months' imprisonment, the statutory maximum. See U.S.S.G. § 5G1.1(a) (providing that, "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Count 2's adjusted advisory guidelines range was reduced to 60 months' imprisonment, the statutory maximum. See id.

Thomas filed objections to the PSI that are not relevant to his appeal. Prior to sentencing, Thomas also filed a sentencing memorandum and motion for a downward variance, requesting that the district court impose a total sentence of 70 months' imprisonment. In both his objections to the PSI and his sentencing memorandum, Thomas did not argue (1) that § 922(g)(1) and (q) were

6

unconstitutional, or (2) that the indictment or plea colloquy omitted an essential element of either of his charges.

At sentencing, the district court sustained some of Thomas's objections and revised his total offense level to 32.  Thomas's criminal history category remained at III.  Based on a total offense level of 32 and a criminal history category of III, Thomas's revised advisory guidelines range was 151 to 188 months' imprisonment.  See U.S.S.G. Ch. 5 Part A.

The district court heard the parties' sentencing arguments and Thomas's allocution.  Thomas's counsel requested a 70-month total sentence and the government requested 180 months.  Thomas's counsel again did not raise any constitutional challenges to § 922(g)(1) and (q) or argue that his indictment or plea colloquy omitted essential elements.

After considering the advisory guidelines range, the applicable statutory penalties, and the 18 U.S.C. § 3553(a) factors, the district court imposed the statutory maximum sentences of 120 months as to Count 1 and 60 months as to Count 2, to run consecutively.

## II.  18 U.S.C. § 922(q): Possession of Firearm Near School

On appeal and for the first time, Thomas argues that his Count 2 conviction under 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4) should be vacated because § 922(q)

is unconstitutional, both facially and as applied.[1]  He notes that in United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995), the Supreme Court struck down the Gun-Free School Zones Act of 1990, which was an earlier version of § 922(q), because it exceeded Congress's powers under the Commerce Clause.  Although Congress amended § 922(q) to comply with Lopez, Thomas argues that the amended version is still unconstitutional because it did not cure the Commerce Clause problems identified in Lopez and United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 (2000).  We review Lopez, Morrison, and then the amended version of § 922(q).

## A.    Lopez and Morrison

In 1995, the Supreme Court held that a prior version of § 922(q), also known as the Gun–Free School Zones Act of 1990, was unconstitutional because it exceeded Congress's authority under the Commerce Clause.  Lopez, 514 U.S. at 551, 561-63, 115 S. Ct. 1626, 1630-32; see Pub. L. No. 101–647, 101 Stat. 4789,

---

[1]We generally review the constitutionality of a statute de novo.  United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010).  However, where a defendant raises a constitutional challenge for the first time on appeal, we review only for plain error.  Id.  Under the plain error rule, we will reverse a district court's decision only if there is: "(1) error, (2) that is plain, [] (3) that has affected the defendant's substantial rights," and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  United States v. Hesser, 800 F.3d 1310, 1324 (11th Cir. 2015) (quotation marks omitted).  "An error is plain if it is obvious and clear under current law."  United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006).  "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006) (quotation marks omitted).

4844 (1990). The version of § 922(q) at issue in Lopez made it a federal offense "knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." Lopez, 514 U.S. at 551, 115 S. Ct. at 1626.

The Supreme Court held that this version of § 922(q) violated the Commerce Clause because it did not limit the offense to situations substantially affecting interstate commerce. Id. at 561, 115 S. Ct. at 1630-31. In particular, the Lopez Court pointed out that § 922(q) "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affect[ed] interstate commerce." Id. at 561, 115 S. Ct. at 1631. The Court also observed that neither § 922(q) nor its legislative history contained express congressional findings regarding the effects upon interstate commerce of gun possession in a school zone. Id. at 562-63, 115 S. Ct. at 1631-32.

Subsequently in 2000, the Supreme Court struck down certain provisions of the Violence Against Women Act as unconstitutional for exceeding Congress's authority under the Commerce Clause. Morrison, 529 U.S. at 605, 613, 617, 120 S. Ct. at 1747, 1751-52, 1754. While Morrison involved a wholly different statute, Thomas cites Morrison for its dicta discussing the Lopez decision, its reasoning, and its labeling of the "link between gun possession and a substantial effect on interstate commerce" as attenuated. Id. at 609-14, 120 S. Ct. at 1749-52.

9

**B.     Post-Lopez Amendment to 18 U.S.C. § 922(q)**

Responding to Lopez, Congress amended § 922(q) to include an express

interstate commerce requirement.  See Pub. L. No. 104–208, 110 Stat. 3009–369 to

370 (1996) (amending the Gun–Free School Zones Act of 1990).  Section 922(q)

now requires that the offender "knowingly [] possess a firearm that has moved in

or that otherwise affects interstate or foreign commerce at a place that the

individual knows, or has reasonable cause to believe, is a school zone."  18 U.S.C.

§ 922(q)(2)(A) (emphasis added).  Congress also amended § 922(q) to include

extensive congressional findings regarding the effects upon interstate commerce of

gun possession in a school zone.  See 18 U.S.C. § 922(q)(1)(A)-(I).

**C.     Thomas's Constitutional Claims**

As an initial matter, because Thomas failed to raise his constitutional

challenge to § 922(q) below, we review it for plain error.  See United States v.

Wright, 607 F.3d 708, 715 (11th Cir. 2010).

Although Thomas argues that the amended § 922(q) is facially

unconstitutional based on Lopez, Congress amended § 922(q) to include an explicit

"affecting interstate commerce" element to cure the deficiencies identified in

Lopez.  See 18 U.S.C. § 922(q)(2)(A) (providing that the offender must possess "a

firearm that has moved in or that otherwise affects interstate or foreign

commerce").  The amended § 922(q) also includes extensive congressional

10

findings regarding the effects upon interstate commerce of gun possession in a school zone post-Lopez, such as that firearms move easily in interstate commerce and that they move in interstate commerce during their manufacturing process. See 18 U.S.C. §§ 922(q)(1)(C), (D).

Thomas's reliance on Morrison fares no better. Although the Supreme Court in Morrison referenced an attenuated link between interstate commerce and firearm possession in the pre-Lopez version of § 922(q), it did not address at all the amended version of § 922(q), much less hold it is unconstitutional. See Morrison, 529 U.S. at 609-14, 120 S. Ct. at 1749-52.

The government stresses that Thomas has not shown that § 922(q) is unconstitutional. Our sister circuits under de novo review have rejected constitutional challenges to § 922(q) that were similar to Thomas's. See United States v. Nieves-Castano, 480 F.3d 597, 601 (1st Cir. 2007); United States v. Dorsey, 418 F.3d 1038, 1046 (9th Cir. 2005); and United States v. Danks, 221 F.3d 1037, 1038-39 (8th Cir. 1999); see also Thomas More Law Ctr. v. Obama, 651 F.3d 529, 555 (6th Cir. 2011) (commenting that "[a]ll of the courts of appeals to consider the question have upheld the amended [§ 922(q)] against commerce clause challenges"). At a minimum, Thomas has failed to demonstrate plain error as to the constitutionality of § 922(q) because neither the Supreme Court nor this

11

Court has held that the amended § 922(q) is unconstitutional. See United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006).

As to Thomas's argument that § 922(q) is unconstitutional as applied to him, the amended § 922(q) now requires a nexus to interstate commerce where the firearm has moved in or otherwise affects interstate commerce. See 18 U.S.C. § 922(q)(2)(A). And the record here established that Thomas's firearm had moved in interstate commerce. The factual basis in Thomas's plea agreement stated that the firearm Thomas possessed traveled in or affected interstate commerce because it was manufactured in Arizona and he possessed it in Florida.[2] Therefore, Thomas has failed to show plain error as to the constitutionality of § 922(q), and we affirm his Count 2 conviction under §§ 922(q)(2)(A) and 924(a)(4).

### III.  18 U.S.C. § 922(g)(1):  Felon in Possession of a Firearm

Thomas next argues, for the first time on appeal, that his Count 1 conviction should be vacated because 18 U.S.C. § 922(g)(1) is unconstitutional, both facially and as applied.

This Court has repeatedly held that § 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause. Wright, 607 F.3d at 715. This is because § 922(g)(1) contains an express

---

[2]As an additional point, at Thomas's change-of-plea hearing, Thomas's counsel confirmed that the government would have been able to prove at trial that the firearm traveled in interstate commerce.

12

jurisdictional requirement.  United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001).  Specifically, 18 U.S.C. § 922(g)(1) provides that "[i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ."  18 U.S.C. § 922(g)(1) (emphasis added).  This Court has explained that the phrase "in or affecting commerce" in § 922(g)(1) indicated Congress's intent to assert its full Commerce Clause power.  Wright, 607 F.3d at 715; see also United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997).[3]

In addition, in Wright, this Court rejected the defendant's challenge that § 922(g)(1) was unconstitutional as applied to him because § 922(g)(1) only required that the government prove some minimal nexus to interstate commerce, which was accomplished by demonstrating that the firearms the defendant possessed were manufactured in a different state than the one in which the offense took place.  607 F.3d at 715-16.  In so ruling, this Court concluded that the firearms necessarily traveled in interstate commerce, and, therefore, satisfied the minimal nexus requirement.  Id. at 716; see also United States v. McAllister, 77 F.3d 387, 389-90 (11th Cir. 1996) (holding that, even in the wake of Lopez, as

---

[3]Thomas recognizes that this Court has already rejected his claim that § 922(g)(1) is unconstitutional in light of Lopez and Morrison, and, therefore, states that he is preserving his arguments for further review.

13

long as the firearm in question has a minimal nexus to interstate commerce, § 922(g)(1) is constitutional as applied); United States v. Jordan, 635 F.3d 1181, 1189 (11th Cir. 2011) (holding that § 922(g)(1) is not unconstitutional as applied to "a defendant who possessed a firearm only intrastate" because the government demonstrated that the firearm moved in interstate commerce).

To begin, because Thomas failed to raise his constitutional challenge to § 922(g)(1) below, we review it for plain error. Wright, 607 F.3d at 715. Thomas's facial and as applied challenges to the constitutionality of § 922(g)(1) fail. First, this Court's precedent in Wright, Scott, McAllister, and Jordan establish that § 922(g)(1) is facially constitutional, even considering the holding in Lopez. See Jordan, 635 F.3d at 1189; Wright, 607 F.3d at 715-16; Scott, 263 F.3d at 1273; McAllister, 77 F.3d at 389-90. Under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

Second, § 922(g)(1) is not unconstitutional as applied to Thomas, who possessed the firearm only intrastate, because the record established that Thomas's firearm had moved in interstate commerce. See Jordan, 635 F.3d at 1189. As we explained above, the factual basis in Thomas's plea agreement stated that the firearm Thomas possessed traveled in or affected interstate commerce because it

14

was manufactured in Arizona and he possessed it in Florida. Therefore, Thomas

has failed to establish error, plain or otherwise, and we affirm his Count 1

conviction under §§ 922(g)(1) and 924(a)(2).

## IV.    Deficiency of Indictment and Plea Colloquy

Finally, Thomas argues, for the first time on appeal, that his Count 1

conviction is invalid because his indictment and plea colloquy failed to allege and

establish that he knew that, at the time of his possession, he was a convicted felon

prohibited from possessing a firearm.[4]  Stated another way, he asserts that

§ 922(g)(1) includes a mens rea element that requires the government to establish

that he knew about his prohibited status as a convicted felon when he possessed the

firearm.[5]

Under 18 U.S.C. § 922(g)(1), "[i]t shall be unlawful for any person who has

been convicted in any court of, a crime punishable by imprisonment for a term

exceeding one year . . .  to . . . possess in or affecting commerce, any firearm or

---

[4]When a defendant challenges the adequacy of an indictment for the first time on appeal, "this Court must find the indictment sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." United States v. Pena, 684 F.3d 1137, 1147 (11th Cir. 2012) (quotation marks omitted). We review for plain error when a defendant fails to object in the district court to a claimed Federal Rule of Criminal Procedure 11 violation. United States v. Rodriguez, 751 F.3d 1244, 1251 (11th Cir. 2014).

[5]Thomas does not dispute on appeal that he is a convicted felon. And at his change-of-plea hearing, Thomas confirmed that he was a convicted felon at the time he possessed the 9 millimeter firearm near the high school and Thomas's counsel stated that the government would have been able to prove at trial that Thomas was a convicted felon.

15

ammunition."  The penalty provision states "[w]hoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."  18 U.S.C. § 924(a)(2).

"To prove that a defendant committed an offense under 18 U.S.C. § 922(g)(1), the government must show that (1) he[] knowingly possessed a firearm or ammunition, (2) he[] was previously convicted of an offense punishable by a term of imprisonment exceeding one year, and (3) the firearm or ammunition was in or affecting interstate commerce."  United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008); see also United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000).

This Court has already held that § 922(g)(1) does not require proof that a defendant knew that his firearm possession was unlawful due to his convicted-felon prohibited status.  United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997).  In Jackson, this Court explained that a review of the legislative history of § 922(g)(1), particularly the predecessor statutes to § 922(g)(1), showed that a defendant's knowledge of his convicted-felon status and illegality of his conduct were irrelevant.  See id. (citing United States v. Langley, 62 F.3d 602, 604-06 (4th Cir. 1995)).

Rather, for an offense under § 922(g)(1), the government need prove only that a defendant with a requisite felony conviction "knowingly" possessed a

16

firearm. Deleveaux, 205 F.3d at 1298. That is, "[t]he prosecution need only show that the defendant consciously possessed what he knew to be a firearm." Id.; see Palma, 511 F.3d at 1315 ("We have consistently held that § 922(g) is a strict liability offense that 'does not require the prosecution to prove that the criminal acts were done with specific criminal intent.'"). Therefore, the only element of § 922(g)(1) that has a "knowing" mens rea requirement is possessing a firearm. See Palma, 511 F.3d at 1315; United States v. Brantley, 68 F.3d 1283, 1290 (11th Cir. 1995) (analogizing the mens rea showing required by §§ 922(g)(1) and 924(c) and citing Langley for support that, because § 922(g)(1) requires proof of mens rea as to possession of a firearm, there is no need to prove mens rea as to the other elements).[6]

Here, Thomas's argument—that his indictment and plea colloquy were deficient because § 922(g)(1) requires that the government prove that he knew his prohibited status when he possessed the firearm—is precluded by our binding precedent. Section 922(g)(1) does not contain a mens rea requirement with respect to the convicted-felon prohibited-status element. See Palma, 511 F.3d at 1315; Deleveaux, 205 F.3d at 1296-98; Jackson, 120 F.3d at 1229. Although Thomas argues that this Court's precedent was wrongly decided, these decisions have not

---

[6]Thomas acknowledges that this Court has rejected this argument as well, and, therefore, he advances it now for preservation purposes only.

17

been overruled by the Supreme Court or this Court sitting en banc, and, therefore, they remain binding precedent.  See Archer, 531 F.3d at 1352; United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc) (explaining that the prior panel precedent rule controls even if the later panel is "convinced [the earlier panel's holding] is wrong.").  Accordingly, Thomas has failed to establish error, plain or otherwise, and we affirm his Count 1 conviction under §§ 922(g)(1) and 924(a)(2).

## V.  CONCLUSION

For the reasons stated, we affirm Thomas's Count 1 and Count 2 convictions.

**AFFIRMED.**

18